```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :   PROTECTIVE ORDER
                                 :
          - v. -                 :   S5 15 Cr. 536 (PGG)
                                 :
OMAR AMANAT,                     :
                                 :
          Defendant.              :
                                 :
- - - - - - - - - - - - - - - - x

PAUL G. GARDEPHE, District Judge:

        On the motion of the United States of America, by Preet Bharara, United States Attorney, through his counsel, Damian Williams and Andrea Griswold, Assistant United States Attorneys ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant, through his counsel, Sharon McCarthy, Esq. and Christopher Ferguson, Esq., and for good cause shown,

        IT IS HEREBY ORDERED:

        1.  With the exception of otherwise publicly available documents and information, all materials, including documents and the information contained therein, electronic data, and other audio or visual materials that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *United States v. Giglio*, are considered "Confidential Information."

2. Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

(a) Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

(b) Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

(c) May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators or expert advisors retained — pursuant to a written retainer agreement — in connection with this action;

(iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

(iv) such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

2

3.  Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the period for direct appeal from any verdict in the above-captioned case or dismissal of the charges against the defendant.

4.  The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(i)-(iv). Designated Persons shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by the defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order. In addition, if Confidential Information is provided to any Designated Persons, counsel shall make reasonable efforts to seek the return or destruction of such materials as set forth in paragraph 3.

5.  The defendant and his counsel will not attach any materials produced pursuant to this Order to any public filings or publicly disclose any such materials, or their contents in

3

any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information pending further Order of this Court.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court for purposes of this action.

Dated:  New York, New York
        July 20, 2016

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK