BEYS LISTON & MOBARGHA LLP
Michael P. Beys

November 9, 2016

VIA ECF & FACSIMILE (212-805-7986)

The Honorable Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

    Re:    *United States v. Kaleil Isaza Tuzman*, No. S7 15 Cr. 536 (PGG)

Dear Judge Gardephe:

    We respectfully submit this letter on behalf of our client, Kaleil Isaza Tuzman, regarding his application, dated November 7, 2016, to travel to Washington, D.C. to meet with attorneys and other officials (ECF No. 146) and in response to the government's letter of November 8, 2016 objecting to the application as "troublingly vague" (ECF No. 147, at 1). For the reasons set forth below, the application should be granted over the government's objection.

    Preliminarily, as I advised Your Honor's law clerk by phone yesterday, we have been able to reschedule all three of the requested meetings to Friday, November 11, 2016, instead of Thursday, November 10, 2016. This rescheduling was partly due to the schedules of those with whom Mr. Isaza Tuzman hopes to meet, but also to give the Court more time to consider our application, which we had been unable to submit "at least once week prior to travel," as required by Your Honor's recent order (ECF No. 125). Thus, the current application is for Mr. Isaza Tuzman to travel to Washington, D.C. on Friday, November 11, 2016.[1]

    The government's objection, that the application "falls outside the understandably limited exceptions to the home confinement policy," and is "troublingly vague," is misguided and should be denied, for the following reasons.

    <u>First</u>, under the standard terms of home detention, Mr. Isaza Tuzman is entitled to meet with attorneys of his choice. His right to meet with attorneys of his choice is a constitutional

---

[1] In the event the Court grants both this application and the application for Mr. Isaza Tuzman to travel to Pennsylvania on November 11, 2016 for a Holocaust Memorial (ECF No. 146), we would request that he be allowed to travel directly from Washington, D.C. to Pennsylvania on the afternoon or evening of November 11th.

right, guaranteed by the Sixth Amendment, and nothing in the terms of his home detention, or related policies, should prevent him from doing so.

Here, Mr. Isaza Tuzman would like to meet with senior partners at two prominent law firms to discuss his legal defense, the circumstances of his arrest and imprisonment in Colombian prisons at the request of the government, and other related legal matters. One of the law firms is Mr. Isaza Tuzman's current counsel, and he is considering engaging the other firm in some capacity. Both attorneys with whom he hopes to meet are based in Washington, D.C., and are unavailable to travel in the immediate future to New York for these meetings. These attorneys are, incidentally, also former government lawyers, as are Mr. Isaza Tuzman's counsel in New York, and all are fully familiar with the rules of home detention and their legal and ethical obligations to the Court.

Also, the government's contention that Mr. Isaza Tuzman should explain why these attorneys "cannot meet with the defendant [] by videoconference" should be rejected. Mr. Isaza Tuzman desires to meet with these current and potential attorneys in person, in order to discuss highly sensitive matters of his legal defense and trial strategies, among other things. The government should not be allowed to dictate the manner in which these conversations take place, whether under the pretext of home detention or otherwise.

On this basis alone, namely, his desire to meet with counsel of his choice and to do so in person, Mr. Isaza Tuzman's application should be granted over the government's objection.

<u>Second</u>, the application is not vague in the slightest. The current application is for Mr. Isaza Tuzman to meet with the following individuals: Gregory Craig, an attorney at Skadden Arps Slate Meagher & Flom LLP and former White House Counsel (2009-2010); Patrick Stokes, an attorney at Gibson Dunn & Crutcher LLP, one of the defendant's current counsel, who previously served as Co-Chief of the U.S. Department of Justice's Securities and Financial Frauds Unit; and, potentially, representatives of the Inter-American Commission on Human Rights and the United States State Department. He would be accompanied there by a former U.S. Ambassador, Ambassador Gabriel Guerra-Mondragón, the U.S. Ambassador to Chile from 1994 to 1998.

The meetings are tentatively scheduled to take place between the hours of 9:00 a.m. and 5:00 p.m. on Friday, November 11th. If the application is approved, the exact time of each meeting will be finalized, and we would agree to provide an update to the Court with the exact times and locations of each meeting.

Similarly, if the application is approved, Mr. Isaza Tuzman will confirm the meeting with the Inter-American Commission on Human Rights and the State Department, and provide the necessary information to Pre-Trial Services. The purpose of these meetings, as previously mentioned, is to discuss the circumstances of Mr. Isaza Tuzman's arrest and imprisonment in Colombia at the request of the government, the horrible nature of which the Court is already familiar.

Page 3 of 3

In short, Mr. Isaza Tuzman's application is hardly vague, and we will provide additional details to the Court (and Pretrial Services) if the application is approved.

<u>Third</u>, and most disturbingly, the government's vagueness objection should not entitle the government to more information about the purpose of the defendant's meetings. Such information would implicate the defense team's legal strategy, which the defense is entitled to not share with the government. It should have sufficed for Mr. Isaza Tuzman to state that he intended to meet with attorneys to discuss his case and legal defense. The government is not entitled to learn more.

Nevertheless, upon request by the Court, Mr. Isaza Tuzman is prepared to provide additional information about the purpose of the requested meetings to Your Honor on an *ex parte* basis, for *in camera* review.

Finally, the government's explicit suggestion "that the defendant is seeking to use legal defense meetings as an excuse to travel to Washington, D.C. for additional, unrelated meetings that fall outside the home confinement policy," is as absurd as it is also unfortunate. Aside from the fact that Mr. Isaza Tuzman has already agreed to be accompanied to these meetings by a former U.S. Ambassador, he would also agree to have no meetings outside of those specifically approved by the Court. The government's impugning Mr. Isaza Tuzman's motivations, based on no evidence whatsoever, is yet another example of the unfortunate and baseless inferences the government has repeatedly drawn about Mr. Isaza Tuzman.

For the foregoing reasons, Mr. Isaza Tuzman's application to travel to Washington, D.C. to meet with attorneys and others to discuss his legal defense and other related matters should be approved over the government's objection.

We thank the Court for its attention and consideration.

Respectfully Submitted,

/s/ Michael P. Beys

_____

Michael P. Beys, Esq.
*Counsel for Kaleil Isaza Tuzman*

cc: All Counsel of Record (via ECF)
Officer John Moscato, U.S. Pretrial Services (via email)