BEYS LISTON & MOBARGHA LLP
Michael P. Beys

November 14, 2016

VIA ECF & FACSIMILE (212-805-7986)

The Honorable Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

> Re:   *United States v. Kaleil Isaza Tuzman*, No. S7 15 Cr. 536 (PGG)

Dear Judge Gardephe:

We are counsel to defendant Kaleil Isaza Tuzman in the above-captioned case, which is scheduled for a status conference on November 21, 2016 and for trial in October 2017.  We respectfully submit this letter to update the Court regarding our review of discovery provided by the government and the filing of any motions, as Court directed at the status conference on September 22, 2016.  Transcript of September 22, 2016 Status Conference ("Tr. 9/22/16") at 23:3-5.

First, since the September 22nd status conference, there have been several filings and much activity in this case and related cases.  Along with our continuing review of discovery, we have made the following filings on behalf of Mr. Isaza Tuzman in this case and two related cases:

- On October 14, 2016, we filed an answer and counterclaim in a related insurance coverage dispute in *Hudson Insurance Co. v. Isaza Tuzman and Smyth*, Index No. 155869/2016 in New York Supreme Court, New York County (the "Hudson Litigation"), which we referenced at the last status conference.  Tr. 9/22/16 at 8:19-22; 16:12-16.

- On October 19, 2016, we filed a motion to compel the production of *Brady, Giglio,* and *Jenks Act* material, including in particular materials in the possession of the Securities and Exchange Commission ("SEC") and materials relating to the government's cooperating witness Stephen E. Maiden. (ECF No. 132 - 134).  Pursuant to the Court's scheduling order (ECF No. 138), the government's opposition is due on November 17, 2016, and the defendant's reply, if any, is due November 24, 2016.  On October 30, 2016, co-defendant Omar Amanat joined in the motion to compel.  (ECF No. 142).

Page 2 of 5

- On October 21, 2016, we filed a motion to dismiss the amended complaint in the related civil matter, *SEC v. Isaza Tuzman and Smyth*, 15 Civ. 7057 (AJN), before the Honorable Alison J. Nathan (the "SEC case").

- Also, as the Court is aware, there have been numerous bail-related applications, including several travel requests, made on behalf of Mr. Isaza Tuzman, who has been on home detention since his release from custody on July 18, 2016. (ECF No. 122, 124, 135, 146, 148, 151 and 152).

Second, the government has provided voluminous discovery, which we are continuing to review.  The government provided initial discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure by letter dated July 20, 2016.  Counsel for Mr. Isaza Tuzman described the status of discovery at the last conference, as follows:

> [W]e received approximately over two million pages of documents … That's a rough estimate … [W]e received [documents] from the SEC on May 20 which was over three million pages …  We understand that there's some overlap but, unfortunately, we have not been able to identify the overlap …  There are documents relating to [] 45 different entities and individuals, audio files, Excel spreadsheets, lots of email chats and different other assorted documents.  It is fairly complicated … This is not a simple case.  There are overseas transactions. There are parties [] overseas.  We anticipate asking Your Honor to take testimony from overseas witnesses.

Tr. 9/22/16 at 6:16 – 7: 12.

At this point, we do not have a clear understanding of how much discovery the government is planning to produce.  At the last conference, the government indicated that Rule 16 discovery was "substantially complete."  *Id*. at 6:3-6 ("We anticipate there will be some additional discovery that we would produce down the road as the time necessitates … But at this point discovery is substantially complete.").  Just last week, however, on November 8, 2016, the government advised us that it was planning to provide substantial additional discovery.  While we have not yet received and do not know the volume of additional discovery, we note that the government asked us to provide at least a 750 gigabyte hard drive for its anticipated production, while the prior July 20 production of millions of pages was placed, at the government's request, on a 500 gigabyte hard drive.  Upon our request for further elaboration, the government also indicated that the additional discovery relates to Maiden, but provided no further details.

In short, discovery in this complex case has been voluminous and more of a moving target than even the government apparently understood at the last status conference.  We have started to review and assess the discovery previously provided but, especially given the upcoming production of substantial new discovery, we require more time to complete our review.

Page 3 of 5

Third, motion practice is already underway, and we expect there will be significant, additional motion practice to follow.   As stated above, we have already filed a motion to compel that largely concerns documents in the SEC's possession and in particular Maiden.  Furthermore, as previously indicated, we expect to file a motion related to the home detention condition of Mr. Isaza Tuzman's bail.  We had intended to make such a motion shortly after the last status conference, *Id*. at 15:24 – 16:9, but have been delayed due to efforts to seek the government's consent, advice from the defendant's mental health care providers, Mr. Isaza Tuzman's evolving mental health and business needs, and ongoing discussions with Pre-Trial Services.   We expect to file the bail modification motion shortly.

We are also considering filing a number of additional motions, described generally below:

**Motion To Dismiss The Indictment**

As stated at the last conference, we intend to file a motion to dismiss certain counts in the indictment on statute of limitations grounds.  *Id*. at 8:8-9.  We would propose to maintain the same schedule we had suggested at the conference, namely, to make "[m]otions to dismiss by mid January 2017."  *Id*. at 9:2.

**Motion For A Bill Of Particulars**

The Indictment against Mr. Isaza Tuzman charges him in three counts (Counts 4, 5, and 6) with conspiracy to commit securities fraud and wire fraud.   Despite the length of the Indictment, it provides surprising few particulars to which Mr. Isaza Tuzman is entitled to prepare his defense.   For example, while Count Four of the Indictment charges Mr. Isaza Tuzman with a broad conspiracy to engage in market manipulation based on stock purchases of Maiden Capital between March 2009 and September 2011, S7 Indict. ¶ 42, the Indictment identifies only a few, very small such trades between March 9, 2009 and July 29, 2010.  *Id*. ¶¶ 42-43.  Mr. Isaza Tuzman is entitled to an identification by the government of, among other details, every alleged trade Maiden undertook as part of this alleged market manipulation conspiracy.

Similarly, Count Six of the Indictment charges Mr. Isaza Tuzman with Conspiracy to Commit Securities Fraud and to Make False Statements in Annual and Quarterly SEC Reports and to Auditors.  Among other things, the Indictment alleges that Mr. Isaza Tuzman executed a scheme to inflate falsely KITD's revenue through "perpetual license" agreements and "round-trip" transactions.  *Id.* ¶ 77.   But the government only identified a few examples of such perpetual license and round-trip transactions, and the indictment obliquely references "similar aging license agreements" and "similar license deals," *Id.* ¶¶ 111, 112, without identifying all the various license agreements and round-trip transactions that the government intends to allege Mr. Isaza Tuzman was involved.

These are just the start of the particulars to which Mr. Isaza Tuzman is entitled. Mr. Isaza Tuzman's Bill of Particulars motion will also seek identification of all unindicted co-conspirators, victims, and every allegedly false entry and false statement and omission, among other things.

**Discovery-Related Motions**

The government has yet to serve a single *Brady* or *Giglio* disclosure, which is surprising given the frequency of such disclosures in securities fraud cases such as this one, where scienter is a critical component of the case. The lack of any such disclosures is all the more remarkable given the government's multi-year investigation of this matter, the fact that the indictment was returned in September 2015, and the need for prompt disclosure of *Brady* and *Giglio* material to ensure that the defense "have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Should the government continue in its persistent failure to disclose *Brady* and *Giglio* material, we anticipate filing additional motions on the matter.

In addition, we have today served the government with requests for Rule 16 discovery, including, among other things, documents regarding: the reasons for Mr. Isaza Tuzman's provisional arrest in Colombia and the government's purported belief that he was a fugitive from justice; the government's knowledge of threats to the defendant's safety while he was imprisoned in Colombia; the government's efforts, if any, to ensure the defendant's safety and well-being while in Colombia; and other documents related the defendant's arrest and imprisonment in Colombia at the government's request. This discovery is material to the preparation of Mr. Isaza Tuzman's defense, Fed.R.Cr.P. 16(a)(1)(E)(i), and should the government refuse to produce these materials, we anticipate additional motion practice regarding their production.

Furthermore, on June 21, 2016, we asked the government, among other things, to produce the originals of certain handwritten notes of co-defendant Robin Smyth, which notes appear on their face to have been written by multiple individuals and may contain potentially exculpatory evidence and impeachment material, so that the defense may conduct certain forensic testing (*e.g.*, ink dating testing) of the documents. Similarly, on July 12, 2016, we asked the government for additional information regarding the alleged December 31, 2008 agreement between Maiden, Amanat, and Mr. Isaza Tuzman that is the bedrock of Count Four of the Indictment (the Market Manipulation conspiracy count), and to produce the original of the alleged agreement for forensic examination. The government has not responded to either the June 21, 2016 letter or the July 12, 2016 letter (both of which are attached as Exhibits A and B hereto) or made the originals of these critical documents available for forensic analysis. We anticipate filing motions to compel should the government continue to deny the defense access to these materials.

Given the large volume of discovery materials already and soon to be produced by the government, we anticipate there to be additional discovery-related motions as we continue to

Page 5 of 5

review the government's discovery.  We respectfully propose that all discovery related motions be filed by mid-April 2017.

**<u>Severance Motion</u>**

We have not yet decided whether we will seek a severance of the trial from that of co-defendant Amanat.  Upon further review of the discovery already provided or to be provided by the government, and review of additional discovery materials we hope to obtain from the government either by agreement or through motion practice, we will make an assessment as to a potential severance and advise the Court accordingly.

\* \* \*

Since the last court conference, we have been working diligently on the instant criminal case, while at the same time representing our client in connection with two related cases.  Both the Hudson Litigation in New York Supreme Court and the SEC case before Judge Nathan require a significant amount of counsel's time and energies.  Indeed, because the Hudson Litigation involves the denial of insurance coverage, it has impaired Mr. Isaza Tuzman's ability to proceed expeditiously in these cases.  We and our client are doing the very best to manage these challenging, complicated, high-stakes cases, while also conserving scarce financial resources available under Mr. Isaza Tuzman's waning insurance policy.

We thank the Court for its continued attention.

Respectfully Submitted,

/s/ Michael P. Beys

_____
Michael P. Beys, Esq.
*Counsel for Kaleil Isaza Tuzman*

cc.      All Counsel of Record (via ECF)