```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :    SEALED INFORMATION
                                    :
         - v. -                     :    S3 15 Cr. 536 (PGG)
                                    :
GAVIN CAMPION,                      :
                                    :
         Defendant.                 :
                                    :
- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/30/16

COUNT ONE

(Conspiracy To Commit Securities Fraud, Make False Statements In Annual And Quarterly SEC Reports And Make False Statements To Auditors)

The United States Attorney charges:

### RELEVANT PERSONS AND ENTITIES

1. At all times relevant to this Information, KIT digital, Inc. ("KITD") was a provider of end-to-end video asset management software and related services, with a focus on Internet Protocol-based interactive media, headquartered in Prague, Czech Republic and New York, New York.

2. At all times relevant to this Information, GAVIN CAMPION, the defendant, was the President of KITD.

3. At all times relevant to this Information, Kaleil Isaza Tuzman ("Tuzman") was the Chairman of the Board of Directors and Chief Executive Officer ("CEO") of KITD.

4. At all times relevant to this Information, Robin Smyth ("Smyth") was the Chief Financial Officer ("CFO") of KITD.

5. From in or about May 2008 to on or about August 12, 2009, KITD's common stock was traded on the OTC Bulletin Board, which is an electronic quotation system for over-the-counter securities that are not listed on a national securities exchange. Beginning on or about August 13, 2009, KITD's common stock was traded on the NASDAQ. As a publicly traded company, KITD was required to file with the United States Securities and Exchange Commission (the "SEC") annual financial statements that had been audited by independent certified public accountants and quarterly financial reports.

6. At various times relevant to this Information, Tuzman, Smyth and GAVIN CAMPION, the defendant, signed the quarterly and annual financial statements that KITD filed with the SEC.

7. On or about November 21, 2012, after an internal investigation led by KITD's audit committee, KITD announced to the investing public that KITD had discovered various errors and irregularities in its historical financial statements and that it would have to issue restated financial statements. On the first trading day following this announcement, the price of KITD's common stock plummeted more than 64% from the previous day's closing price. In or about December 2012, KITD's stock was delisted from NASDAQ. KITD subsequently declared bankruptcy.

## THE SCHEME TO DEFRAUD

8. Between in or about 2008, when Tuzman became Chairman and CEO of KITD, and in or about the spring of 2012, when Tuzman resigned his positions at KITD, KITD touted itself to the investing public as a growing company that routinely met or exceeded the so-called "guidance" that Tuzman, Smyth, GAVIN CAMPION, the defendant, and other KITD executives communicated to the investing public concerning KITD's operational and financial results for upcoming reporting periods. In truth and in fact, KITD's actual financial performance consistently fell far short of the guidance. As a result, from at least in or about 2010 through in or about 2012, GAVIN CAMPION, the defendant, Tuzman, Smyth and others engaged in an illegal scheme to deceive KITD shareholders, members of the investing public, KITD's independent auditors and others concerning KITD's true operating performance and financial results.

9. In furtherance of the scheme to defraud, GAVIN CAMPION, the defendant, Tuzman, Smyth, and others employed two principal methods: (a) the improper recognition of revenue from so-called "perpetual license" contracts for KITD software (contracts that gave the purchasing customer the right to use the licensed software indefinitely), including contracts that were fabricated for the sole purpose of falsely inflating KITD's revenue; and (b) the execution of fraudulent "round-trip"

3

transactions which had the effect of using KITD's own cash, rather than payments received from customers, to pay off bills, known as accounts receivable, that were due and owed to KITD, including those resulting from KITD's improper revenue recognition practices, rather than disclose to KITD's auditors and the investing public the fact that the bills were uncollectible or, in some cases, had resulted from fabricated contracts.

### KITD Fraudulently Inflated Reported Revenue

10. To effectuate the scheme to defraud, from at least in or about 2010 up to in or about 2012, GAVIN CAMPION, the defendant, Tuzman and Smyth, among others, employed two methods to fraudulently boost KITD's reported revenue: (a) recognizing the revenue from certain contracts at the time of sale despite the fact that KITD had not delivered a product to KITD's customers, in violation of KITD's stated accounting policies; and (b) recognizing revenue from contracts that had been fabricated for the sole purpose of boosting KITD's revenue.

11. These fraudulent revenue recognition practices caused KITD to materially overstate its reported revenue, which had the effect of materially overstating KITD's net income and earnings on its annual and quarterly financial reports issued from the fiscal quarter ending June 30, 2010 through the fiscal quarter ending March 31, 2012.

4

Fraudulent Round-Trip Transactions To Pay Down Receivables

12. To further effectuate the scheme to defraud, and to hide their illegal revenue recognition scheme, GAVIN CAMPION, the defendant, Tuzman and Smyth, among others, caused KITD to use company money, ostensibly escrowed in connection with a KITD corporate acquisition, to pay off fabricated or uncollectible receivables by year-end. Specifically, Tuzman and Smyth, with CAMPION's knowledge, caused KITD to add an artificial "restructuring fee" to the purchase price of certain companies that KITD sought to acquire. Once the purchase price was inflated, Tuzman and Smyth, with CAMPION's knowledge, established an escrow account that was funded with KITD cash purportedly representing the so-called restructuring fee and was governed by a "side letter" between KITD and the acquired company. Tuzman and Smyth, with CAMPION's knowledge, then intentionally hid the side letter from KITD's independent auditors and the investing public.

13. Despite having represented that the restructuring fee was legitimately related to a KITD corporate acquisition, Tuzman and Smyth, with CAMPION's knowledge, instead used the escrowed money in round-trip transactions to pay down KITD's old and, in some cases, fraudulent receivables that, because of their age, might have attracted scrutiny from KITD's independent auditors

5

and could have negatively impacted KITD's financial statements if they had remained unpaid or were discovered.

## THE CONSPIRACY

14. From in or about June 2010 through in or about March 2012, in the Southern District of New York and elsewhere, GAVIN CAMPION, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, namely (a) to commit fraud in connection with the purchase and sale of securities issued by KITD, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; (b) to make and cause to be made false and misleading statements of material fact in applications, reports, and documents required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations thereunder, in violation of Title 15, United States Code, Sections 78m(a), 78o(d) and 78ff; and (c) to make and cause to be made false and misleading statements and omissions to KITD's auditors, in violation of Title 15, United States Code, Sections 78m and 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2.

### Objects Of The Conspiracy

#### Fraud In Connection With The
#### Purchase And Sale Of Securities

15. It was a part and an object of the conspiracy that GAVIN CAMPION, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities issued by KITD, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making and causing KITD to make untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

#### False Statements In
#### Annual And Quarterly SEC Reports

16. It was further a part and an object of the conspiracy that GAVIN CAMPION, the defendant, and others known and unknown, willfully and knowingly, in applications, reports, and documents

7

required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations thereunder, would and did make and cause KITD to make statements that were false and misleading with respect to material facts, in violation of Title 15, United States Code, Sections 78m(a), 78o(d) and 78ff.

### False Statements To Auditors

17.   It was further a part and an object of the conspiracy that GAVIN CAMPION, the defendant, Tuzman and Smyth, being officers of KITD, an issuer with a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934, and others known and unknown, willfully and knowingly, would and did, directly and indirectly, (a) make and cause to be made materially false and misleading statements; and (b) omit to state, and cause other persons to omit to state, material facts necessary in order to make the statements made, in the light of the circumstances under which such statements were made, not misleading to accountants in connection with (i) audits and examinations of the financial statements of KITD, required to be filed with the SEC pursuant to rules and regulations enacted by the SEC; and (ii) the preparation and filing of documents and reports, required to be filed with the SEC pursuant to rules and regulations enacted by the SEC, in violation of Title 17, Code of Federal Regulations, Section 240.13b2-2 and Title 15, United States Code, Section 78ff.

**Overt Acts**

18. In furtherance of the conspiracy and to effect its illegal objects, GAVIN CAMPION, the defendant, and his co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about August 16, 2010, Tuzman, Smyth and CAMPION participated in a quarterly earnings conference call for the fiscal quarter ending June 30, 2010. During that conference call, Smyth reported inflated earnings results that included over $1,388,000 in improperly recorded revenue.

    b. On or about August 16, 2010, Tuzman and Smyth signed KITD's Form 10-Q for the fiscal quarter ending June 30, 2010, which was transmitted electronically to the SEC from New York, New York.

(Title 18, United States Code, Section 371.)

**COUNT TWO**

**(Securities Fraud)**

The United States Attorney further charges:

19. The allegations contained in paragraphs 1 through 13, and paragraph 18 of this Information are repeated and realleged as if fully set forth herein.

20. From in or about June 2010 up to and including March 2012, in the Southern District of New York and elsewhere, GAVIN CAMPION, the defendant, willfully and knowingly, directly and

Case 1:15-cr-00536-PGG   Document 160   Filed 11/16/16   Page 10 of 12

indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities issued by KITD, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making and causing KITD to make untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

21. As a result of committing one or more of the foregoing securities fraud offenses alleged in Counts One and Two of this Information, GAVIN CAMPION, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.
10

### Substitute Asset Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 2461(c); and
Title 28, United States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**GAVIN CAMPION,**

                              Defendant.

---

**SEALED INFORMATION**

S3 15 Cr. 536 (PGG)

(18 U.S.C. §§ 2, 371;
15 U.S.C. §§ 78j(b), 78ff;
17 CFR §§ 240.10b-5.)

PREET BHARARA
United States Attorney

---