```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/30/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
UNITED STATES OF AMERICA           :
                                   :    **SEALED AFFIRMATION AND**
         - v. -                    :    **APPLICATION**
                                   :
GAVIN CAMPION,                     :    S3 15 Cr. 536 (PGG)
                                   :
              Defendant.           :
                                   :
----------------------------------x

ANDREA M. GRISWOLD hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter.

2. By this affirmation, the Government applies for an order of the Court: (i) granting a limited sealing, until further order of the Court, of all documents filed in connection with the proceeding to be held on June 30, 2016 including the Information, the parties' plea agreement, the transcript of the plea proceeding related to Gavin Campion (the "defendant"), this affirmation and proposed order, and any related order of the Court; (ii) permitting the materials described in (i) to be disclosed to counsel for the defendant and by the Government in connection with its obligations under the Jencks Act and Giglio v. United States, 405 U.S. 150 (1972); and (iii) temporarily

1

sealing and delaying, until further order of the Court, further docket entries related to the defendant, including notifications of docket entries over the ECF system.

3. After he was approached by law enforcement, the defendant began actively to cooperate with the Government in or about May 2016, including by participating in numerous proffer sessions during which he has disclosed his criminal activities. In the course of those proffer sessions, the defendant has provided the Government with detailed information concerning his criminal activities and former criminal associates, including individuals who have not yet been arrested. The information provided by the defendant has proven to be reliable and has been corroborated by, among other things, documents and further investigation by law enforcement officers.

4. At present, it appears that one or more of the defendant's former criminal associates have not confirmed that he is cooperating. However, those associates may be aware of ways to obtain information and documentation about charged defendants, including information regarding whether a defendant is cooperating. For example, docket entries indicating that a defendant pleaded guilty to an Information suggest that the defendant is cooperating.

5. It is expected that on June 30, 2016, the defendant will enter a guilty plea to a two count information

(the "Information") charging him with (i) conspiracy to commit securities fraud; and (ii) securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. §§ 240.10b-5; and 18 U.S.C. §§ 371 and 2.  Should documents related to the defendant's guilty plea---such as the Information, the cooperation agreement, or a transcript of the defendant's plea proceeding---be made public, there is a risk that the defendant's former criminal associates will seek to intimidate him and his family members, or destroy evidence, in order to avoid being prosecuted.

6. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts.  See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e) and advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation").  The Second Circuit has also recognized that even

3

docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

7. I respectfully submit that compelling security and law enforcement interests support an order directing that all documents and docket entries relating to the June 30, 2016 proceeding in this case be made under seal until further order of the Court. Exposure of the defendant's cooperation may hinder law enforcement officials' ability to continue their investigation of (and arrest of) individuals who have not yet been arrested.

8. I have spoken with Jim Walden, counsel for the defendant, regarding this affirmation, and Mr. Walden and the defendant consent to this request.

9. Accordingly, the Government requests that the relief set forth in paragraph 2 be granted

10. No prior request for this relief has been made.

Dated:   New York, New York
         June 30, 2016

*/s/ Andrea Griswold*

ANDREA M. GRISWOLD
Assistant United States Attorney
Southern District of New York
(212) 637-1205