USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 9/20/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GAVIN CAMPION,

Defendant.

**SEALED AFFIRMATION AND APPLICATION**

S3 15 Cr. 536 (PGG)

ANDREA M. GRISWOLD hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter.

2. By this affirmation, the Government applies for an order of the Court: (i) extending a limited sealing, for an additional period of 45 days, until November 15, 2016 (the "Unsealing Date"), of all documents filed in connection with the proceeding held on June 30, 2016, including the Information, the parties' plea agreement, the transcript of the plea proceeding related to Gavin Campion (the "defendant"), this affirmation and proposed order, and any related order of the Court (collectively, the "Sealed Materials"); (ii) permitting the Sealed Materials to be disclosed to counsel for the defendant and by the Government in connection with its obligations under

the Jencks Act and Giglio v. United States, 405 U.S. 150 (1972); and (iii) temporarily sealing and delaying, until the Unsealing Date, further docket entries related to the defendant, including notifications of docket entries over the ECF system.

3. After he was approached by law enforcement, the defendant began actively to cooperate with the Government in or about May 2016, including by participating in numerous proffer sessions during which he has disclosed his criminal activities. In the course of those proffer sessions, the defendant has provided the Government with detailed information concerning his criminal activities and former criminal associates, including his co-defendant in this case, Kaleil Isaza Tuzman ("Tuzman"). The information provided by the defendant has proven to be reliable and has been corroborated by, among other things, documents and further investigation by law enforcement officers.

4. On or about June 30, 2016, the defendant pleaded guilty before Your Honor to a superseding criminal information charging him in two counts with conspiracy to commit securities fraud and securities fraud. *United States v. Gavin Campion*, S3 15 Cr. 536 (PGG). In advance of the plea proceeding on June 30, 2016, the Government submitted an application to seal the Sealed Materials. At the plea proceeding, the Court found that "there is a basis for sealing based on proactive investigation that continues with Mr. Campion's assistance," and asked the

Government if it also wanted to be heard regarding whether there was any risk of harm to the defendant if the Sealed Materials were unsealed. (Plea Tr. at 24.) In light of the Court's decision to grant the sealing on the basis of the Government's proactive investigation, the Government did not seek further sealing based on danger to the defendant or others. (*Id.*) The Court then indicated it intended to enter a sealing order sealing the Sealed Materials for a period of 90 days, which is set to expire on or about September 30, 2016. (*Id.*)

5. At the conclusion of the plea proceeding, defense counsel indicated that "there is a basis to believe that Mr. Tuzman is extremely dangerous and that after the indictment came he may have suspected Mr. Campion and ordered people to break into his car to steal a file that had his legal notes concerning the indictment." (*Id.* at 25.) Defense counsel further represented the defendant was "going to work very hard to try and relocate, with knowledge to the government and the FBI, within a period of time, but I just want to reserve my right to make a submission if the government chose to allow the unsealing in 90 days, your Honor." (*Id.* at 26.) The Court noted that, as of the date of the June 30, 2016 plea proceeding, Tuzman remained in custody in Colombia pending extradition to the United States.

6. On or about July 13, 2016, the Government unsealed charges against two individuals, Omar Amanat and Rima Jameel, and arrested Omar Amanat. Jameel remains a fugitive. Also on July 13, 2016, the Government unsealed the guilty plea and related documents of cooperating defendant Stephen Maiden.

7. Since entering his guilty plea, the defendant has reported, through counsel, that on several occasions since returning to Australia, he has been approached, harassed and, on one occasion, punched by individuals unknown to the defendant. He has also reported, again through counsel, that his house has been broken into. The defendant has further reported his belief that these instances are connected to Tuzman and, specifically, are attempts by Tuzman to intimidate the defendant and discourage him from cooperating with the Government.

8. In addition, during his proffer sessions with the Government, in or about June 2016, the defendant reported that on several instances during the timeframe of the conduct charged in this case, Tuzman verbally threatened the defendant and, in one instance, stated to the defendant that an individual whom Tuzman believed owed him money "would be killed."

9. Tuzman was extradited to the United States on or about July 14, 2016 and was released, following a bail argument, subject to certain conditions, including home confinement and

GPS monitoring. Tuzman is currently residing at an apartment in New York City.

10. While the Government has not investigated the more recent events in Australia, the defendant's information about Tuzman's prior threats of violence during the timeframe of the conduct charged in this case have been corroborated by other witnesses and documentary evidence, including emails.

11. In light of the defendant's safety concerns, he is in the process of relocating his residence, as defense counsel indicated at the plea proceeding. The logistics of this are complicated because the defendant shares caregiving responsibilities for his two young children. As a result, the defendant's reolocation has not occurred and is not expected to occur by September 30, 2016, when the Sealed Materials are currently scheduled to be unsealed. Accordingly, an additional 45 days are requested to allow the defendant to complete his relocation.

12. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming

decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e) and advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

13. I respectfully submit that compelling security interests support an order directing that the Sealed Materials remain under seal until the Unsealing Date of November 15, 2016.

14. I have spoken with James Walden, counsel for the defendant, regarding this affirmation, and Mr. Walden and the defendant consent to this request.

15. Accordingly, the Government requests that the relief set forth in paragraph 2 be granted.

16. Except as disclosed herein, no prior request for this relief has been made.

Dated: New York, New York
September 20, 2016

ANDREA M. GRISWOLD
Assistant United States Attorney
Southern District of New York
(212) 637-1205