

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 28, 2016

**BY ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **United States** v. **Kaleil Isaza Tuzman et al.,**
              **S7 15 Cr. 536 (PGG)**

Dear Judge Gardephe:

      Pursuant to the Court's order dated November 22, 2016, the Government writes on behalf of the parties to update the Court on the parties' efforts to confer regarding remaining issues related to Mr. Isaza Tuzman's October 19, 2016 motion. Following the conference in this matter on November 21, 2016, the parties participated in two telephone conferences – one on November 22, 2016 and the other on November 25, 2016.

      During these conferences, the parties discussed three issues related to Mr. Isaza Tuzman's October 19, 2016 motion pending before the Court: (1) Isaza Tuzman's motion for a declaration of a joint investigation, which is now moot given the Government's agreement to voluntarily review and produce discovery to both defendants as if a joint investigation ruling had been made; (2) Isaza Tuzman's motion for production of Rule 16, *Brady*, *Giglio*, and Jencks Act material – which is not moot given the parties' disagreement as to whether, in addition to searching the SEC's investigative file, the Government must also search materials held outside of the SEC's investigative file; (3) Isaza Tuzman's motion for a finding of privilege waiver and subject matter waiver related to the Maiden Computers, and the Government's corresponding argument that the motion belongs before Judge Nathan – which is not moot but the parties agree should be held in abeyance pending the SEC's forensic comparison of the Maiden Computers.

*Request to Search and Produce Discovery Materials in the SEC's Possession*

      The Government began the November 22, 2016 telephone conference by noting that Tuzman's motion of October 19, 2016 asked the Court to "order the Government to review all documents in the possession of the Securities and Exchange Commission and produce all documents required by the Rules of Criminal Procedure, and any *Brady*, *Giglio* and Jencks Act material, including documents produced to the SEC by Stephen E. Maiden." (Def. Mot. at 1.) The Government then asked counsel for Isaza Tuzman to identify the categories of documents it sought

Hon. Paul G. Gardephe
November 28, 2016
Page 2

the Government to review for potential Rule 16, *Brady*, *Giglio*, and Jencks Act material.  Counsel for Isaza Tuzman provided the following non-exhaustive list:[1]

    1.  Attorney or investigator notes (typed or hand written), emails, memoranda, summaries and other documents reflecting any witness statements (whether conducted in person or by telephone).

    2.  Attorney or investigator notes (typed or hand written), emails, memoranda, summaries and other documents concerning any attorney proffers and/or conversations with attorneys (whether conducted in person or by telephone) for witnesses, victims, or other third parties.

    3.  Action Memos (whether draft or final), including but not limited to the fact section (whether or not shared previously with the USAO), and/or any other communications with any SEC Commissioner concerning Mr. Isaza Tuzman or any witness, victim, co-defendant or other relevant parties.

    4.  Attorney, investigator, or expert notes (typed or hand written), emails, memoranda, summaries and other documents concerning discussions with or analysis conducted by any retained expert witnesses (whether or not the expert intends to provide a report and/or give testimony).

    5.  Attorney or investigator notes (typed or hand written), emails, memoranda, summaries and other documents concerning discussions with SEC Examination staff, and/or documents prepared by SEC Examination staff pertaining to any financial, accounting and/or audit analysis of Roo Group, KIT Digital, Piksel, JEC Capital, or any entity controlled by Omar or Irfan Amanat.

    6.  All documents regarding any analysis, whether in draft or final form, relating to the materiality of the trading or disclosures at issue in the government's indictment.

    7.  All documents identified on the SEC privilege log prepared in the related civil action.

---

[1] Counsel for Isaza Tuzman outlined these requests orally during a November 22, 2016 telephone conference and subsequently provided it to the Government in an email dated November 23, 2016.

> 8. All documents that the SEC is obligated to produce to us in the civil matter pursuant to SEC Rule of Practice 230 and/or all documents containing exculpatory evidence that the SEC is currently withholding from production in the related civil action.
>
> 9. All documents that the SEC is obligated to produce to us in the civil matter pursuant to SEC Rule of Practice 231 and/or all documents containing information that are required for production under the Jencks Act, and for which the SEC is currently withholding from production in the related civil action.

Counsel for Isaza Tuzman advised that this list was "non-exclusive" of the categories of documents it requested the Government to review. Counsel for Isaza Tuzman also requested that the Government provide information regarding the proffers that the USAO and SEC attended together, as well as the identity of the witness interviews that the SEC conducted outside the USAO's presence.

The Government made clear that it hoped to reach agreement on these issues, consistent with Your Honor's repeated admonitions that the parties work in good faith to resolve discovery issues and to avoid needless litigation.

During the November 25, 2016 telephone conference, the Government informed defense counsel that it would voluntarily search the entirety of the SEC investigative file (designated by the SEC as "NY – 8458") underpinning *SEC* v. *Tuzman* for all Rule 16, *Brady*, *Giglio* and Jencks Act material without limitation to the categories identified by counsel for Tuzman. The Government also voluntarily provided the identity of the witnesses interviewed by the SEC conducted outside the USAO's presence. The Government further represented that while it maintains that its investigation was parallel to the civil investigation conducted by the SEC, and reserves all rights in that regard, the Government agrees that, with respect to all discovery issues in this case – including the scope of discovery review – it will operate as if a finding of a joint investigation had been made. In other words, the Government's willingness to *voluntarily* review the SEC's investigative file for Rule 16, *Brady*, *Giglio* and Jencks Act material does not reflect a concession that its criminal investigation was conducted jointly with the SEC. Instead, because of the unique nature of this case in which only one of two criminal defendants has been sued by the SEC, reviewing the entirety of the SEC investigative file will best allow the Government to ensure that the two defendants in its criminal case have access to the same discovery.[2] Indeed, were the Government to litigate and prevail in demonstrating that the criminal and civil investigations were parallel, Isaza Tuzman would likely continue to seek and obtain materials from the SEC to which Omar Amanat would not have access.

Counsel for Isaza Tuzman has advised that the Government's review of material in the SEC's possession, custody, or control must go beyond "documents in the SEC's investigation file

---

[2] As noted in the Government's letter dated November 17, 2016 and reiterated at the pretrial conference on November 21, 2016, the Government has already elected to obtain and reproduce to Amanat all documents the SEC had produced to Isaza Tuzman.

Hon. Paul G. Gardephe
November 28, 2016
Page 4

pertaining to our client (NY – 8458)" and include any and all SEC "investigation or examination files relating to any/all co-defendants and alleged co-conspirators, cooperating witnesses, other third-party witnesses, alleged victims, and any individual the SEC did not sue regarding the subject matters at issue in this case, including but not limited to Robin Smyth; Stephen Maiden or Maiden Capital; Gavin Campion; Omar Amanat and Irfan Amanat (or any entities controlled by the Amanats); JEC Capital and Peter Hyland (or any entities controlled by them); any employee or Board Member of ROO Group, KIT Digital, or Piksel; and any auditor or legal advisor to KIT Digital."

On this issue, the parties disagree. Accordingly, the parties summarize their respective positions below and propose a briefing schedule for the Court's consideration.

### The Government's Position

The Government cannot consent to this broad request to review all files maintained by the SEC as an entity for Rule 16, *Brady*, *Giglio* and Jencks Act material. In the Government's view, files from such separate SEC examinations or investigations, to the extent they exist, are entirely separate from the investigations that led to the criminal charges in this case and the civil charges pending before Judge Nathan. And, thus, even assuming that there was a joint investigation between the USAO and the SEC, such materials are not held by the "prosecution team." Based on the Government's research to date, such an expansion of the universe of files the Government must review for Rule 16, *Brady* and *Giglio* is overbroad, misplaced and unsupported by the law.

On November 25, 2016, the Government asked defense counsel to provide examples of cases in which a court, having found that the Government engaged in a joint investigation, has instructed the Government to search for documents held outside of the SEC's investigative file. As of the filing of this letter, no apposite case had been identified. Instead, the defendant points to cases, such as *United States* v. *Martoma*, 990 F. Supp. 2d 458 (S.D.N.Y. 2014), and *United States* v. *Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012), for support. None of their proffered cases hold that the Government must search outside of SEC's investigative file for Rule 16, *Brady*, or *Giglio* material.

### Isaza Tuzman's Position

The Government's position is an unduly narrow interpretation of its obligation under Rule 16, *Brady*, and *Giglio* to review material in the SEC's possession. For example, the Government contends that it need only seek, collect, review and produce materials that the SEC has designated as its investigative file. Furthermore, the Government contends that it need not review SEC investigative files pertaining to cooperating witnesses or other third parties directly relevant to the case. This is not the law. *See, e.g.*, *United States v. Martoma*, 990 F. Supp. 2d 458 (S.D.N.Y. 2014); *see also* David W. Ogden, Deputy Attorney General, Memorandum for Department Prosecutors: Guidance for Prosecutors Regarding Criminal Discovery (Jan. 4, 2010) (the "Ogden Memo") (directing prosecutors to review "all potentially discoverable material within the custody or control of the prosecution team," which includes, among other things, "with respect to outside agencies, . . . files and/or production of all potentially discoverable material," "substantive case-

Hon. Paul G. Gardephe
November 28, 2016
Page 5

related communications," and information relating to witnesses, such as "[k]nown but uncharged criminal conduct (that may provide an incentive to curry favor with a prosecutor) . . . and [p]rior acts under Fed.R.Evid. 608.")

Where the USAO conducts a "joint investigation" with another state or federal agency, courts in the Second Circuit have held that the prosecutor's duty extends to reviewing the materials in the possession of that other agency for *Brady* evidence. *See, e.g.*, *United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012); *United States v. Upton*, 856 F. Supp. 727, 749–50 (E.D.N.Y. 1994) (summarizing case law). As this Court held in *Martoma*, in the joint investigation context, the Government's duty to review material in the SEC's possession includes communications between the SEC and counsel for cooperating witnesses, 990 F. Supp. 2d at 459, 461 – material that is not necessarily maintained as part of the SEC's official file.

Isaza Tuzman's position is not, in the words of the Government, that the Government should "review all files maintained by the SEC as an entity." Rather, and especially in light of the Government's agreement to discharge its discovery obligations as if the prosecutors and the SEC conducted a joint investigation (which Isaza Tuzman contends is the true state of affairs in any event), the Government has an affirmative obligation to make specific, reasonable inquiries of the SEC. Isaza Tuzman has provided the Government with a list of specific, reasonable inquiries, but the Government has refused to make these inquiries of the SEC without any particularized explanation.[3] In fact, on November 27, counsel for Isaza Tuzman asked the Government to provide any authority that supports the Government's more restrictive view of its obligations with respect to material within the SEC's possession, custody or control, but no authority has been provided.

Proposed Briefing Schedule

As such, the parties propose the following motion schedule:

Defense Motion - December 12, 2016

Government Opposition – December 20, 2016

Any Reply – December 23, 2016

---

[3] Counsel for Isaza Tuzman did describe the specific requests as "non-exclusive" but meant only that defendant reserved the right to make additional requests if necessary – for example, in the event the Government came into possession of new material.

Hon. Paul G. Gardephe
November 28, 2016
Page 6

*Maiden's Privilege and Subject Matter Waiver and Corresponding Jurisdiction Issue*

      The part of Isaza Tuzman's October 19 motion that seeks a finding of privilege waiver and subject matter waiver, and the Government's corresponding response that the motion belongs before Judge Nathan, is not moot.  However, the scope of the issue depends in part on the forensic analysis currently being undertaken by the SEC in regards to two computers produced by Stephen Maiden.  After consultation with the SEC, the Government expects to have additional information by this Friday, December 2, 2016.  The parties respectfully request that the Court hold that issue in abeyance until Friday, December 9, 2016.  This schedule will allow the parties time to confer regarding the results of the SEC's forensic examination and further update the Court as necessary.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney


By: _/s/_____
    Damian Williams
    Andrea M. Griswold
    Assistant United States Attorney
    (212) 637-2298/1205