# EXHIBIT 2

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 18, 2016

**BY EMAIL**
Michael P. Beys, Esq.
Joshua D. Liston, Esq.
Beys Liston & Mobargha LLP
825 Third Avenue, 2nd Floor
New York, New York 10022

    Re:    **United States v. Kaleil Isaza Tuzman**, S7 15 Cr. 536 (PGG)

Dear Counsel:

    We write in response to your letter to the Government dated November 14, 2016 and your letter to the Court dated November 14, 2016. The former letter "demand[s]", among other things, that the Government preserve and produce certain documents related to the defendant's extradition from Colombia. The latter letter references the defendant's request to inspect certain documents, including notebooks maintained by Robin Smyth ("Smyth") and a market manipulation agreement signed by the defendant, Omar Amanat and Stephen Maiden ("Maiden").

### Demand for Extradition-Related Discovery

    As an initial matter, the Government can confirm that on November 14, 2016, we sent your discovery demand letter to officials at the Department of Justice's Office of International Affairs ("OIA"), the Department of State and the United States Embassy in Colombia.

    Furthermore, we remind you that, on July 19, 2016, the Government produced documents related to the defendant's extradition. Those documents included an affidavit from AUSA Damian Williams and an affidavit from United States Postal Inspector Melissa Atkin, both in support of the Government's request for extradition. (*See* USAO_TUZMAN_0000001-0000199.) We also note that, in response to the defendant's November 12, 2015 motion seeking to dismiss the arrest warrant upon which his extradition was based, (*see* ECF dkt. No. 15), the Government filed numerous additional documents, including sworn affidavits from officials at OIA, the Department of State and the United States Embassy in Colombia regarding the defendant's extradition. (*See* ECF dkt. Nos. 28, 39, 40.)

    Following those submissions and extensive motion practice, on December 30, 2015, Judge Gardephe denied the defendant's motion to dismiss in its entirety. We further remind you that the Court determined:

> The Executive Branch properly obtained a warrant for Tuzman's arrest. After it was determined that Tuzman was in Colombia, the Executive Branch sought the assistance of Colombia in arranging for his arrest and extradition from that country. All of these matters are within the purview of the Executive Branch. *To the extent that Tuzman has been mistreated in Colombia, there is no contention that the U.S. Government engineered, arranged for, or induced that mistreatment. Indeed, the evidence before this Court is all to the contrary.*

(Dec. 30, 2015 Order and Opinion at 8 (emphasis added).)

The Court went on to find that:

> [A]ny mistreatment Tuzman has been subjected to in Colombia has not been caused by the U.S. Government, and the U.S. Government is not responsible for actions taken by those who are not its agents. United States v. Lira, 515 F.2d 68, 69-70 (2d Cir. 1975). . . . Lira is directly applicable here. *The Government has done no more than seek Colombia's assistance in arresting and extraditing Tuzman. There is no evidence that the Government has been complicit in any mistreatment of Tuzman in Colombia.*

(*Id.* at 10 (emphasis added).) The Government, of course, will respond to any motion in due course, including any motion that "demand[s]" discovery from the various components of the United States Government that have already submitted documentary evidence for Judge Gardephe's consideration. However, to the extent your contemplated motion seeks to re-litigate issues related to the defendant's extradition, your motion will be plainly frivolous because it is so clearly moot.

### Request to Inspect Evidence

Your November 14, 2016 letter to the Court references a June 21, 2016 letter from Gibson Dunn in which the defendant requests, among other things, access to the Smyth notebooks and a July 12, 2016 letter from Gibson Dunn in which the defendant requests, among other things, access to an original market manipulation agreement. We remind you that this discovery demand came before the defendant had been extradited or arraigned on the criminal indictment. Accordingly, at that time, the Government had no obligation to produce discovery to the defendant. We further remind you that, on July 19, 2016, when the Government produced discovery, including copies of the Smyth notebooks, we told you: "If you wish to inspect any of the evidence listed on the evidence invoices, please let me know and I will make arrangements for you to do so." We have not heard from you in the three months since we produced that discovery.

In any event, we renew our invitation for you to inspect the physical evidence, including the Smyth notebooks.[1]  At no point, however, will the Government permit physical evidence to leave the Government's custody or control.

### **Request for an Index of the Maiden Computers**

Finally, today, on November 18, 2016, you requested additional information about the Maiden Computers that the Government produced on November 16, 2016.  The Government does not possess an index of the Maiden Computers.  To facilitate your document review, we are willing to provide you with a Concordance load file that contains the non-email documents contained on the Maiden Computers as well as a thumb drive containing five of Maiden's Outlook PSTs that total approximately 37 GB in size.  Please contact us at your earliest convenience to let us know if you would like these materials.

        Very truly yours,

        PREET BHARARA
        United States Attorney

by: _____/s/_____
        Damian Williams/Andrea Griswold
        Assistant United States Attorneys
        (212) 637-2298/1205

---

[1] The Government is not aware of an original version of the market manipulation agreement.