# EXHIBIT 3

Case 1:15-cr-00536-PGG   Document 238-3   Filed 02/14/17   Page 1 of 6

BEYS LISTON & MOBARGHA LLP
JOSHUA D. LISTON

November 27, 2016

**BY EMAIL**
Damian Williams, Esq.
Andrea Griswold, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

  Re: *United States v. Kaleil Isaza Tuzman*, No. S7 15 Cr. 536 (PGG)

Dear Counsel:

  We write in response to your letter dated November 18, 2016, which responds to (i) our November 14, 2016 letter demanding the preservation and production of discovery relating to Mr. Isaza Tuzman's arrest and imprisonment in Colombia at the government's request; (ii) our November 14, 2016 letter to the Court regarding the forensic inspection of certain documentary evidence; and (iii) our November 18, 2016 request for an index of the Maiden Computers.

  At the outset, we are concerned with the government's delay in responding to our requests, especially those regarding the preservation of materials relevant and necessary to Mr. Isaza Tuzman's defense. Even more concerning is that, as explained in detail below, the government is simply not responding at all to numerous requests. The government's representations to the Court that it will collaborate with us on discovery mean very little if the defense does not receive timely, clear responses. If the government's position is that we are not entitled to the requested information, please say so directly and promptly, and state the basis of that position so we can raise the issue with the Court.

**Demand for Preservation and Production of Discovery Related to Mr. Isaza Tuzman's Arrest and Imprisonment in Colombia**

  Our November 14, 2016 letter demanded that the government preserve and produce any all documents in its possession, custody or control relating to Mr. Isaza Tuzman's arrest and imprisonment in Colombia at the government's request. We note your response that you sent our discovery demand letter to officials at the Department of Justice's Office of International Affairs ("OIA"), the Department of State, and the United States Embassy in Colombia; however, you simply have not responded to the bulk of our demand. By ***November 30, 2016***, please let us know the answers to the following questions:

1. Has your office *preserved*, or taken steps to preserve, all requested evidence?

825 Third Avenue, 2nd Floor, New York, NY 10022
Main: 646.755.3600 • Fax: 646.755.3599
www.blmllp.com

Page 2 of 5

2. Will your office *produce* all requested evidence? If your office will not produce any requested evidence, please state the basis for your refusal. If your office will produce only in part, please state the categories of documents that will and will not be produced and the reason(s) for refusing to produce any category.

3. Has your office *directed* the United States Department of Justice ("DOJ"), including the OIA, and its law enforcement partners and agencies (e.g., the Federal Bureau of Investigation, United States Marshals Service and United States Postal Inspection Service), the Department of State, and the United States Embassy in Colombia to preserve, or take steps to preserve, all requested evidence?

4. Will the DOJ, including the OIA, and its law enforcement partners and agencies, the Department of State, and the United States Embassy in Colombia *produce* all requested evidence? If they will not produce any requested evidence, please state the basis for their refusal. If they will produce only in part, please state the categories of documents that will and will not be produced and the reason(s) for refusing to produce any category.

5. Please identify any other government departments, agencies, or officials that may have responsive documents, and please immediately transmit to them our demand for preservation and production.

6. As requested in our November 14 letter, should the government withhold any of the requested documents under a claim of privilege, immunity or protection, please provide a privilege log that sets forth the factual and legal bases upon which a privilege or other asserted ground of non-production is claimed; describes the nature and general topic of the document; identifies the persons who prepared the documents and all recipients; and specifies the date on which the document was prepared or received. If the government is refusing to produce the requested documents, please let us know if the government is also refusing to produce a privilege log.

To be clear, the reason we are requesting this information is because we intend to raise the government's conduct as a potential defense in this case. The government has not responded whether it is prepared to provide these documents.[1] Please provide us a definitive answer promptly so that we can raise these issues with the Court, if necessary.

---

[1] As set forth in our November 14 letter, the requested documents include those regarding: the reasons for Mr. Isaza Tuzman's provisional arrest in Colombia and the government's stated belief that he was a fugitive from justice; the government's knowledge of threats to the defendant's safety while he was imprisoned in Colombia; the government's efforts, if any, to ensure the defendant's safety and well-being while in Colombia; the government's awareness or knowledge of Mr. Isaza Tuzman's complaints to Colombian prison authorities and United States consular authorities; the government's awareness or knowledge of Mr. Isaza Tuzman's complaints and statements to the press, whether in Colombia or the United States; communications with the State Department and Office of International Affairs regarding the representations made by the government in response to the defendant's November 10, 2015 motion to dismiss the arrest warrant; and any other documents related to the defendant's arrest and imprisonment in Colombia.

Page 3 of 5

The government's November 18 letter points to the Court's decision regarding the motion to dismiss the provisional arrest warrant. So that our position is clear, that decision, in which the Court held that it did not have the authority to dismiss the provisional arrest warrant, does not preclude Mr. Isaza Tuzman from raising the government's conduct as a defense to the indictment. As the government must concede, Mr. Isaza Tuzman did not have (and still does not have) access to the requested discovery and did not have a full and fair opportunity to litigate the issue of the government's conduct.

Please provide all the information requested above; otherwise, we will move the Court for an order requiring the production of these documents.

### Request to Inspect Evidence

The government's response to our demands related to the Smyth Notes is wholly inadequate. The Smyth Notes are a potentially critical piece of evidence to the defense and, as demanded in Gibson Dunn's June 21, 2016 letter, must be forensically examined in the very near future. That letter asked numerous questions of the government regarding the Smyth Notes, all in an effort to understand the precise steps the government has taken to preserve this evidence as well as to address apparent anomalies in the Smyth Notes, including but not limited to the fact that it appears that the Smyth Notes contain the handwritings of multiple individuals.

The boilerplate statement in the government's July 20, 2016 production letter that the government will permit the defendant to inspect the listed evidence does not even begin to answer the detailed, relevant questions we posed about the Smyth Notes. If the government is refusing to answer our questions or rejecting our demands, please say so expressly so as to avoid unnecessary back-and-forth. At the risk of being repetitive, we ask that the government provide answers to the following requests, first posed in June, by ***November 30, 2016***:

1. Please advise us if your Office is in possession of the original notebook or sheets of paper that comprise the Smyth Notes. In the event that you are in possession of the original of the Smyth Notes, we respectfully request that you take all necessary steps to preserve them exactly as they were produced to you and ***that you confirm in writing the steps taken to preserve the Smyth Notes***.

2. If you have not already done so, please submit the original Smyth Notes for forensic analysis. The forensic analysis should include, among other things: (a) ink identification analysis to determine the specific formulation or formulations of ink that were used in the notes; and (b) ink dating analysis to determine the approximate age of various handwritten entries in the notes. ***If you have not and will not submit the original Smyth Notes for such testing, please advise us immediately.***

3. We requested that you provide us access to the original Smyth Notes as well, so that we have the opportunity to conduct our own independent forensic examination before, at the same time, or shortly after any forensic examinations conducted by your Offices. Your

Page 4 of 5

November 18 letter appears to indicate that we may inspect the Smyth Notes, but the letter is silent as to whether you have any objection to our conducting our own forensic testing.  Moreover, your statement that "[a]t no point, however, will the Government permit physical evidence to leave the Government's custody or control" appears specifically designed to prevent us from conducting the necessary forensic testing to which we are entitled.  *See United States v. Peters*, 2010 WL 5392645, at *7 (W.D.N.Y. Dec. 21, 2010) (government afforded defendant equal opportunity to conduct ink testing).  ***Please confirm that you will promptly agree to permit us to independently test the Smyth Notes as soon as possible.***

4. Because the Smyth Notes appear to contain the handwritings of multiple individuals, we requested, and still request, that you identify: (1) each of the author(s) of the Smyth Notes; and (2) all individuals who have or have had access to the original versions of the Smyth Notes.

5. Please also advise us whether your Office has obtained handwriting exemplars from Mr. Smyth, either voluntarily or by subpoena, and please provide us with any and all handwriting samples from Mr. Smyth so that we can confirm which particular notes, if any, were written by Mr. Smyth.  We made, and now repeat the same request regarding handwriting exemplars that your Office has obtained with respect to any other individual besides Mr. Smyth that you have identified as an author of the Smyth Notes.

If the government continues its refusal to provide this information, we will move the Court for an order requiring the production of this information, as well as the Smyth Notes for our independent forensic testing.

Similarly, Gibson Dunn's July 12, 2016 letter requested additional information about a purported December 31, 2008 letter from Mr. Isaza Tuzman and Omar Amanat (the "December 31, 2008 Letter"), which the government self-servingly describes as a market manipulation agreement, relying on information provided by a twice-convicted fraudster.  Although the government now states that it "is not aware of an original version of the" December 31, 2008 letter, your letter does not definitely state whether an original version exists.

In addition, your letter ignores another question we posed.  As requested in July, please advise us if you are aware of the mode and date of transmission of the signatures and initials on the December 31, 2008 Letter.

Also, although the government "is not aware of an original version of the" December 31, 2008 letter, please specify all steps the government has taken to determine whether an original version exists.  For example, has the government asked Mr. Maiden whether an original version exists, and if so, what was Mr. Maiden's response?

Please provide the requested information about the December 31, 2008 letter by ***November 30, 2016***.  If the government continues its refusal to provide this information, we will move the Court for an order requiring its production.

Page 5 of 5

### Request for Index of the Maiden Computers

Your letter also states that the government does not have an index of information on the Maiden Computers.  However, again, the letter ignores other portions of my November 18, 2016 email.  We specifically asked: "[G]iven the assertion that the materials on the hard drive [*i.e.*, the 2013 FBI Image of Maiden's Computers] do not contain Brady material, we assume you have reviewed the materials on the hard drives, in which case we request an index of the materials.  If that assumption is incorrect, please let us know the basis of the assertion."

We repeat our request that you immediately advise us of the basis of the government's assertion that the Maiden Computers do not contain *Brady* material.

Also, please do send us the Concordance load file with the non-email documents contained on the Maiden Computers as well as the thumb drive containing Maiden's Outlook PSTs.

*** 

Thank you for your attention to these issues.

Sincerely,

/s/ Joshua D. Liston

_____
Michael P. Beys, Esq.
Joshua D. Liston, Esq.
*Counsel for Kaleil Isaza Tuzman*