**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

July 28, 2017

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re:   *United States v. Kaleil Isaza Tuzman, No. S8 15 Cr. 536 (PGG)*

Dear Judge Gardephe:

We represent Defendant Kaleil Isaza Tuzman in the above-captioned matter. We write in response to Ms. Shellow's letter of July 26, 2017 on behalf of Defendant Irfan Amanat, Dkt. 335, and in response to the government's letter of July 27, 2017, Dkt. 337.

Mr. Isaza Tuzman consents to Irfan Amanat's request for an adjournment until a date in or after November 2017, consistent with his own request for an adjournment of the October 2 trial date due to conflicting religious holidays that would, among other things, likely limit the pool of available jurors based on religious observance. *See* ECF No. 291, 298. Ms. Shellow's letter correctly characterizes the complexity and volume of materials that defense counsel must gather and review to adequately prepare for trial. As the Court knows, we are engaged in substantial investigative efforts in order to pursue and prepare Mr. Isaza Tuzman's defense at trial, including our July 19 *ex parte* request for a number of Rule 17(c) subpoenas (*see* Def. Isaza Tuzman's July 19, 2017 *ex parte* letter to the Court), as well as our July 19 application to take the foreign deposition of KIT Digital's former Chief Technology Officer (Dkt. 327), to which the government has not responded. We expect there to be additional requests for the issuance of subpoenas and potential foreign testimony in the coming weeks.

Faced with a potential trial adjournment, the government now consents to severance of Irfan Amanat's case and an adjournment of his trial alone, but insists that a joint trial of Mr. Isaza Tuzman Omar Amanat proceed as scheduled on October 2. (Dkt. 337). This is surprising given that it was the government that decided to indict all three defendants in a single indictment that has remarkably little overlap in the charges against Mr. Isaza Tuzman, on the one hand, and the Amanat brothers, on the other. Indeed, the government's position consenting to this severance just two months before the commencement of trial is contrary to its prior positions in this case. When Irfan Amanat previously moved to sever his trial, the government argued that "the factual overlap in this case means that considerations of judicial economy strongly favor a single trial involving all three defendants." Dkt. 318 at 12. In describing its allegations, the government repeatedly lumped together both Omar and Irfan referring them simply as "the Amanat Brothers," thus

**GIBSON DUNN**

making clear that the case against Irfan would be substantially identical to the case against Omar. *See* Dkt. 282 at 3 ("Within months, the Amanat Brothers had either lost or misappropriated the investment money in Enable."), at 4 ("With the Amanat Brothers unable to meet KITD's redemption demand"), at 5 ("Maiden and the Amanat Brothers discussed the need to keep the Enable losses hidden from Maiden Capital investors").

Indeed, the government's new position proposes the *least* efficient severance imaginable. Mr. Isaza Tuzman is not charged in connection with Counts 1-3 of the S8 Indictment, while both Amanat brothers are. The government nonetheless proposes—but offers no reason for—a severance that would require the Court to hear substantially identical trials of Counts 1 through 3 twice. Indeed, given that Mr. Isaza Tuzman and KITD were indisputably victimized by Enable and the Amanat Brothers even under the government's own view of the facts, a large percentage of the Amanat Brothers' communications and statements would be inadmissible against Mr. Isaza Tuzman as they were not statements of co-conspirators. Even with limiting instructions from the Court, it would be greatly challenging, if not impossible, for a jury in a joint trial of Mr. Isaza Tuzman and Omar Amanat to parse which, if any, of the voluminous documents that are admitted against the Amanats are admissible against Mr. Isaza Tuzman.

Accordingly, if the Court is inclined to grant a severance in this case, the only one that is in the interests of justice and least prejudicial is a severance of Mr. Isaza Tuzman's trial from that of the Amanat Brothers. *See* Dkt. 263 at 13-23.

We also join in Irfan Amanat's request for a conference on the issue of a continuance, and respectfully request a conference to address the severance issues raised by the parties in pretrial briefing and in the recent letters. Trial is scheduled to begin in just over two months. Our efforts to line up defense witnesses, arrange their travel, serve subpoenas, secure housing for out-of-town counsel, and other matters is dependent on the trial schedule. Certainty regarding a trial date is thus very important to Mr. Isaza Tuzman's defense, and we believe that a conference on the issue will best facilitate a resolution of the pending motions.

We thank Your Honor for your attention to this matter.

Respectfully Submitted,

*/s/ Avi Weitzman*

Avi Weitzman