*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 31, 2017

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

> Re:  United States v. Tuzman et al.
>      S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

The Government respectfully submits this letter in response to the July 28, 2017 letter submitted by defendant Kaleil Isaza Tuzman ("Isaza Tuzman") (Dkt. 341). In his letter, Isaza Tuzman renews his request for a trial adjournment, citing, among other things, his desire to depose foreign witnesses and issue Rule 17 subpoenas. For the reasons stated below, trial against Isaza Tuzman and Omar Amanat should proceed as scheduled on October 2, 2017.

Isaza Tuzman was charged in a sealed indictment on August 12, 2015 and arrested in Colombia on September 7, 2015. Isaza Tuzman was ultimately extradited to the United States on July 14, 2016 and first appeared before Your Honor on July 20, 2016. Defendant Omar Amanat, who had been arrested on July 13, 2016, appeared before the Court at the same time. The Government produced discovery to both Isaza Tuzman and Omar Amanat on July 20, 2016.

On September 22, 2016, the Court held a pretrial conference. At that conference, the Government requested a trial date in "early 2017." (Sept. 22, 2016 Tr. at 18.) Counsel for Isaza Tuzman, by contrast, resisted setting any trial date whatsoever. Defense counsel sought to justify this request by explaining that "[t]here are witnesses in London and Australia that the defense believes at this point in time . . . we're going to want testimony from" and that "there are parties abroad who we are going to want documents from that aren't in the discovery." (*Id*. at 18-19.) Remarking that defense counsel was proposing "far too leisurely" a pace (*id.* at 20), the Court concluded: "I am going to set a trial date because I'm concerned if I don't we might be talking about a trial in 2018 and I have an obligation to make sure that the case gets tried within some reasonable time." (*Id.*) The Court further explained: "With respect to the suggestion that [it] is going to be necessary to obtain evidence overseas or that there's going to be an application for that, I would urge you to focus on that sooner rather than later." (*Id.* at 22.)

Rather than follow the Court's explicit instructions, defense counsel waited *10 months* to submit their first application for foreign testimony (*see* Dkt. 328), with additional requests promised "in the coming weeks." (Dkt. 341 at 1.)[1] Defense counsel's inexplicable delay in seeking to depose witnesses it was aware of in September 2016 does not justify an adjournment of trial.

Isaza Tuzman also renews his request to have his trial severed from Omar Amanat and Irfan Amanat. As the Court knows, on December 22, 2016, the Government filed a superseding Indictment charging Irfan Amanat. (Dkt. 198.) The Government began producing discovery to counsel for Irfan Amanat on January 10, 2017. However, because counsel for Irfan Amanat has experienced technical issues accessing certain portions of the discovery (an issue that is unique to Irfan Amanat), the Government recently consented to sever his trial from Isaza Tuzman and Omar Amanat's trial. (*See* Dkt. 337.)[2] As the Government previously has explained, a trial against Irfan Amanat would last between one and two weeks, which is considerably shorter than the anticipated four-week trial against defendants Isaza Tuzman and Omar Amanat. Isaza Tuzman and Omar Amanat, after all, were co-conspirators in a wide-ranging market manipulation scheme for which Irfan Amanat has not been charged. Therefore, the severance that Isaza Tuzman requests – in which Isaza Tuzman would be tried alone and Irfan Amanat and Omar Amanat would be tried together – would result in two lengthy trials. The Government estimates that trial against Isaza Tuzman would still last four weeks and that, because of the market manipulation scheme, trial against Omar Amanat and Irfan Amanat would last between three and four weeks.

Were the Court to grant Isaza Tuzman's motion for an adjournment and decide to try all three defendants together, then trial in this case would not proceed until summer 2018. As the Court knows, counsel for Irfan Amanat previously requested an adjournment until no earlier than April 2018. However, on April 9, 2018, two of the undersigned, AUSAs Williams and Naftalis, are scheduled to begin a multi-week, multi-defendant insider trading trial before the Honorable Louis A. Kaplan. *See United States* v. *Blaszczak, et al.*, 17 Cr. 357 (LAK). As a result, an adjournment of the October 2, 2017 trial date would mean, as a practical matter, that Isaza Tuzman would not be tried before June 2018, nearly three years after his indictment, nearly two years after his arrest, and nearly a decade after some of the offenses alleged in the Indictment.

---

[1] The Government does not object to Isaza Tuzman's July 19, 2017 application, pursuant to Rule 15, to depose Andy Steward, KIT digital's former Chief Technology Officer, who is incarcerated in the United Kingdom.

[2] The Government and defense counsel for Irfan Amanat are actively discussing a pretrial disposition. To that end, the Government has extended a plea offer to Irfan Amanat.

   Accordingly, the Government respectfully requests that the Court deny Isaza Tuzman's renewed motion for a trial adjournment and severance and that trial against Isaza Tuzman and Omar Amanat commence on October 2, 2017.

            Respectfully submitted,

            JOON H. KIM
            Acting United States Attorney

          By: /s/
            Damian Williams
            Andrea M. Griswold
            Joshua A. Naftalis
            Assistant United States Attorneys
            (212) 637-2298/1205/2310

cc:  Counsel of Record