

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 3, 2017

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, NY  10007

      Re:    United States v. Kaleil Isaza Tuzman
                  S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

      The Government writes to apprise the Court of recent events relevant to the proposed protective order submitted by the Government on June 20, 2017, and to request that the Court enter the protective order and deny the defendants' motion to adjourn the trial.

      Over one year ago, on July 11, 2016, the Government sent a proposed protective order (the "2016 Proposed Order") to counsel for Kaleil Isaza Tuzman at Gibson Dunn & Crutcher LLP. Gibson Dunn responded that while it intended to propose changes, it would agree "to abide by the terms of the government's July 11, 2016 proposed protective order until a Court-issued protective order is entered." (Exhibit A hereto).  On July 20, 2016, at Isaza Tuzman's arraignment, Gibson Dunn represented to the Court that it had "agreed to comply with [the Government's] proposed protective order until we come back to them with our concerns relating to it and then submit a hopefully a joint, if not a joint, separate proposals for your Honor's consideration[.]"  The Government then produced discovery in the criminal case to Isaza Tuzman's lawyers based on these explicit representations that the terms of the protective order would be abided by until it was formally entered by the Court.  After additional consultation between the parties, Government ultimately submitted a revised protective order, with the consent of defendant Isaza Tuzman, on June 20, 2017 (the "2017 Proposed Order").  (Dkt. 319).

      As is standard in this District, both the 2016 Proposed Order and the 2017 Proposed Order limited the defendant's use of discovery produced in the above-captioned criminal matter.  (*See*, *e.g.*, Dkt. ¶ 2).  The 2016 Proposed Order and 2017 Proposed Order also allowed the use of criminal discovery in the parallel SEC civil action, *SEC* v. *Kaleil Isaza Tuzman*," 15 Civ. 7057 (AJN) (the "SEC Action").  (*See*, *e.g.,* Dkt. ¶ 2(a) (Confidential Information, including Rule 16 discovery, "[s]hall be used by the defendant and his counsel only for purposes of defending this

Hon. Paul G. Gardephe
August 3, 2017
Page 2

criminal action and *S.E.C.* v. *Kaleil Isaza Tuzman* (the 'SEC Action')").[1] Neither proposed order allowed the use of criminal discovery in any other cases.[2]

On July 17, 2017, attorneys from Hoguet Newman Regal & Kenney LLP e-mailed the Government and indicated that they represented Isaza Tuzman in insurance litigation, *Hudson Insurance Company* v. *Isaza Tuzman, et al.*, Index No. 1555869/2016 (N.Y. Sup. Ct.) (the "Coverage Action"). (Exhibit B hereto). Counsel for Isaza Tuzman represented that Justice Shirley Werner Kornreich had asked the Government to help arrange for the civil deposition of Robin Smyth, the former CFO of KIT digital and one of the Government's cooperating witnesses. During a subsequent phone call, the Government specifically, and repeatedly, asked Hoguet Newman about its role, if any, in the criminal action. The attorneys at Hoguet Newman did *not* disclose that they represented Isaza Tuzman in the criminal case, and only said that they had consulted with Gibson Dunn.

On July 27, 2017, Isaza Tuzman's counsel at Hoguet Newman deposed Mr. Smyth for approximately seven hours. (Exhibit C hereto).[3] This deposition is concerning for a number of reasons. *First*, counsel for Isaza Tuzman used documents and information produced as discovery in the criminal matter — including a document bearing a USAO Bates number. This plainly violated the letter of the protective order. *Second*, counsel's questioning appears to have been a pretextual effort to prepare for the criminal trial and elicit information before § 3500 material is required to be disclosed. For example, counsel for Isaza Tuzman asked about the Government's trial preparation with Mr. Smyth, including which prosecutors and law enforcement agents were present for his meetings with the Government, who took notes, and what documents the Government had shown to Mr. Smyth, a key cooperating witness:

> Q.   And did you review documents this week with the U.S. Attorney's office?
>
> MR. BACHNER:   I want you to start asserting privileges.
>
> A.   Under the advice of counsel, I assert my Fifth Amendment privilege against self-incrimination.
>
> Q.   If you looked at documents with a prosecutor, how does that — how could that possibly incriminate you? The prosecutor was present when you were reviewing these documents, correct?
>
> MR. BACHNER:   Are you asking for a legal conclusion?

---

[1]   The 2016 Proposed Order permitted the use of criminal discovery in the SEC Action with leave of the Court. The 2017 Proposed Order allowed the use of criminal discovery in the SEC Action without leave of the Court.

[2]   On March 1, 2016, the Honorable Judge Alison J. Nathan issued a memorandum and order granting the Government's opposed request for a limited stay of the SEC Action. The limited stay included a stay of any depositions of witnesses to be called in the criminal trial. (Dkt. 43).

[3]   The Government is not filing the transcript on CM/ECF and will provide a hardcopy to Chambers.

Hon. Paul G. Gardephe
August 3, 2017
Page 3

> Q. Was the prosecutor present when you reviewed documents?
>
> MR. BACHNER: Assert a privilege.
>
> A. Under the advice of counsel, I assert my Fifth Amendment privilege against self-incrimination.
>
> MS. JAROSLAW: We're going to take that up with the judge.

(Exhibit C at 15-17, 113-18). Counsel for Isaza Tuzman also asked various questions about Mr. Smyth's handwritten notebooks — a subject about which Isaza Tuzman may offer expert testimony, and have little, if any relevance, to an insurance litigation. (Exhibit C at 182-86).

On July 28, 2017, the Government emailed Isaza Tuzman's counsel at both Gibson Dunn and Hoguet Newman to raise concerns about the apparent improper use of criminal discovery in this insurance deposition. Tellingly, twenty minutes later, Hoguet Newman filed its notice of appearance in the criminal case. (Dkt. 339). On July 31, 2017, Gibson Dunn responded that there had been no violation of the protective order and provided various justifications with which the Government strongly disagrees. (Exhibit D hereto). Among other things, Isaza Tuzman's claims are not supported by the letter or spirit of the protective order, which plainly limit the use of criminal discovery to only this action and the SEC Action. Isaza Tuzman's strained reading effectively eliminates the protections of the protective order.[4]

[Additional Text on Following Page]

---

[4] Should a dispute about the permitted use of criminal discovery arise, paragraph 7 of both protective orders directed that the dispute be raised *before* the use of such discovery. ("If any dispute should arise between the parties . . . information shall be considered Confidential Information pending further Order of this Court.")

Hon. Paul G. Gardephe
August 3, 2017
Page 4

      The Government thus respectfully requests that the Court enter the 2017 Proposed Order and confirm that its terms explicitly limit the use of materials produced in criminal discovery to the above-captioned criminal case and the SEC Action. Because of the breach of the protective order and counsel's failure to disclose their role in the criminal case, the Government reserves the right to object to the use of the deposition of Smyth at trial.

      Finally, the Government notes that counsel plans to litigate Mr. Smyth's invocation of his Fifth Amendment rights during his recent deposition and compel him to answer questions about his involvement in the criminal scheme when he next travels to the United States to prepare for trial. (*See, e.g.*, Exhibit C at 210). This effort to conduct an end-run around § 3500 under the pretext of an insurance deposition while simultaneously seeking to delay the criminal trial is gamesmanship and but another reason to deny Isaza Tuzman's adjournment motion.[5]

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/
Damian Williams
Andrea M. Griswold
Joshua A. Naftalis
Assistant United States Attorneys
(212) 637-2298/1205/2310

cc:    Defense Counsel (by CM/ECF)

---

[5] Isaza Tuzman also appears to be using the discovery process in the SEC Action as a criminal discovery tool, an issue identified by Magistrate Judge Jame L. Cott in connection with non-party subpoenas for documents issued by Isaza Tuzman. (Dkt. 111). Indeed, in a recent Order, Judge Cott asked Isaza Tuzman's counsel to explain how these applications were not simply an effort to avoid Judge Nathan's discovery stay, and Judge Cott posed the important question: "[I]s defendant Tuzman improperly attempting to use civil discovery to assist him in his upcoming criminal trial?" (*Id.*). Moreover, we understand that Isaza Tuzman is currently in default in meeting his discovery obligations in the SEC Action.