**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

August 14, 2017

<u>VIA ECF & FACSIMILE</u>

The Honorable Paul G. Gardephe
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

Re:     <u>United States v. Kaleil Isaza Tuzman</u>, S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

We are counsel for Kaleil Isaza Tuzman ("Mr. Isaza Tuzman") in the above-referenced action scheduled for trial beginning on October 2, 2017.  We respectfully submit this letter to renew Mr. Isaza Tuzman's request that the Court suspend trial on certain days in October to accommodate his observance of those Jewish religious holidays that preclude his participation in court proceedings.  The scheduling adjustments requested herein are necessary and appropriate to protect Mr. Isaza Tuzman's constitutional rights of religious observance and confrontation.

This year, the Jewish holiday of Sukkot begins prior to sunset at approximately 6:15 p.m. on October 4, 2017, and lasts until sunset on October 11, 2017.  The first two days of the holiday, October 5 and 6, are considered religious observance days (called "Yom Tov") during which all work is prohibited.  Attendance in synagogue on the evening of October 4, and during the day on October 5 and 6, is also mandated for observant Jews.  In addition, the Jewish holidays of Shemini Atzeret and Simchat Torah follow Sukkot and fall on October 12 and 13, respectively.[1] The Shemini Atzeret holiday similarly requires religious observance starting before sunset (at 6:03 p.m.) on October 11.  Consequently, Mr. Isaza Tuzman can neither appear nor participate in court proceedings on October 5, 6, 12, and 13 because such activity would be religiously prohibited during these holidays.

---

[1]  The holidays of Sukkot, Shemini Atzeret, and Simchat Torah are three of the six biblically mandated festival holidays that prohibit during specified periods the same activities that are prohibited on Shabbat (*i.e.*, all work).  Sukkot is a seven-day festival that commemorates the years that the Jews spent in the desert, Shemini Atzeret marks the end of Sukkot, and Simchat Torah celebrates the conclusion of the year-long reading of the Torah.  As these holidays are determined by the Hebrew calendar (which is a lunisolar calendar based on sun and moon cycles), they fall on different days of the Gregorian calendar each year.  For example, in 2018, Sukkot will begin on the evening of September 23 and conclude on September 30.

**GIBSON DUNN**

August 14, 2017
Page 2

The Court has broad discretion to adjust its trial schedule in light of constraints faced by parties and counsel.  The exercise of that discretion is particularly appropriate in a criminal trial, where a defendant has a Sixth Amendment right to be present in court while evidence is presented against him.  Were trial to proceed on the four days in October identified above on which Mr. Isaza Tuzman cannot attend judicial proceedings consistent with his religious beliefs, he would—as a practical matter—be forced to choose between his First Amendment right to free exercise and his Sixth Amendment right to confront the government's witnesses.  Where, as here, notice of a religious conflict is provided well in advance of trial, the Court should exercise its discretion to modify its schedule so as not to implicate these serious constitutional concerns.  *See United States v. Baldwin*, 770 F.2d 1550, 1557 (11th Cir. 1985) (observing that "[i]f the court, given adequate notice of appellant's religious convictions had, nevertheless, scheduled trial for the first and last two days of Passover, we would be faced with a first amendment question"); *see also United States v. Barnett*, 861 F.2d 266, 1988 WL 113019, at *1 (4th Cir. Oct. 20, 1988) (finding First Amendment concerns satisfied because record demonstrated that district court "would have granted a continuance" on the basis of a "religious holiday" had "the motion for a continuance been made timely instead of on the day of the motions hearing").  Thus, courts in this district presented with requests for scheduling accommodations based on religious observance routinely grant such requests.  *See, e.g.*, *In re 650 Fifth Ave. & Related Prop.*, No. 08-cv-10934-KBF, 2013 WL 12183225, at *3 (S.D.N.Y. June 5, 2013) (granting request for short adjournment of trial because of religious holidays); *Curley v. St. John's Univ.*, 7 F. Supp. 2d 359, 363 (S.D.N.Y. 1998) (granting request to suspend trial for the two days of Rosh Hashanah).

Accordingly, to permit religious observance of the Jewish holidays and attendance at synagogue, we respectfully request that the Court (i) suspend trial on October 5, 6, 12, and 13, 2017, and (ii) adjourn proceedings by 2:00 p.m. on October 4 and 11, 2017.  Given the anticipated length of trial (four weeks according to the government), Mr. Isaza Tuzman's limited request is a reasonable accommodation of his religious beliefs.  Counsel for co-defendant Omar Amanat has previously made the same requests for religious accommodation.  (Dkt. 292.)  The Government has previously stated that it does not object to the suspension of trial for religious observance on October 5, 6, 12 and 13.  (Dkt. 296.)

We appreciate the Court's consideration of this request.

Respectfully submitted,

/s/  *Avi Weitzman*

cc.     All Counsel of Record (via ECF)