

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 18, 2017

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

   Re: <u>United States</u> v. <u>Tuzman et al.</u>
     S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

   The Government writes in response to the defendant's August 14, 2017 letter regarding a validly issued trial subpoena to Harvard University. (Dkt. 365). For the reasons set forth below, the defendant's motion should be denied and seen for what it is — another baseless allegation against the Government to try to gain an advantage at trial.

   The defendant's core claim is that the Government improperly served a trial subpoena that "demanded" the production of documents before the trial date. (Ltr. 1.) The defendant is wrong, misstating the facts and ignoring well-established practice in this District that is supported by the law. On August 11, 2017, the Government served Harvard with a trial subpoena, to which Harvard did not object. The face of the trial subpoena makes clear that that Harvard is directed to "appear" on October 2, 2017 to "testify and give evidence" at the defendant's trial. The subpoena does not require the return of documents before trial. As is customary in this District, the cover letter "request[ed]" that Harvard voluntarily produce the requested documents in advance of trial, by August 21, 2017. This practice has a practical function: potentially avoiding the need to call a custodial witness, and wasting the time and resources of the subpoenaed party, the Court, and the jury. Thus, the cover letter clearly provides: "We will let you know closer to the trial date whether a custodian of records is needed as a trial witness."[1]

   Nothing in Rule 17 requires the Government to request that the Court "so order" such a trial subpoena, and nothing in Rule 17 precludes the Government's practice of requesting in the cover letter that the subpoenaed party voluntarily produce documents before trial. *See* Fed.

---

[1] Moreover, the Government intended to provide a copy of the requested documents to the defendant as soon as they are produced. The Government will comply with the Court's August 17, 2017 Order and provide them to the Court for inspection.

R. Crim. P. 17(a) & (c)(1); *United States* v. *Van Allen*, 28 F.R.D. 329, 344-45 (S.D.N.Y. 1961) (subpoena returnable on day of trial may be issued without leave of court); *see also United States* v. *Llanez-Garcia*, 735 F.3d 483, 488-89 (6th Cir. 2013) (collecting cases discussing varying interpretations of Rule 17).

Tellingly, the defendant can point to no case that supports his novel claim. (Ltr. 2-3). *United States* v. *Binh Tang Vo*, 78 F. Supp. 3d 171, 174 (D.D.C. 2015), is inapposite. There, the U.S. Attorney's Office in Washington, D.C. included the following language in a trial subpoena itself: "In lieu of personally appearing before the Court . . . you may comply with this subpoena by promptly providing the undersigned Assistant U.S. Attorney with [the requested documents]." The court in the District of Columbia found that the practice of using this language in the subpoena itself was error because it provided for pre-trial production of documents in the subpoena without prior court approval. *Id.* at 178. The practice followed here — and by the Government in the Southern District generally — is readily distinguishable. The trial subpoena to Harvard did *not* modify the appearance date, as the subpoena in the District of Columbia did. Nor did the trial subpoena relieve Harvard of its obligation to appear if it produced the required documents early, as the subpoena in the District of Columbia did. The defendant glosses over these important distinctions.[2]

The defendant's other complaints can be easily dismissed. The defendant claims that the Government "incorrectly referred to the subpoena as a 'Court Subpoena" instead of a 'Trial Subpoena'" in an effort to mislead Harvard. (Ltr. 2). This is frivolous. The top left-hand corner of the subpoena form — which again is routinely used in this District — is plainly labeled a "court subpoena." In any event, the terms court subpoena and trial subpoena are indistinguishable. The defendant also contends that the Government's cover letter "improperly requested" that Harvard "voluntarily refrain from disclosing the existence of this subpoena to third parties." (Ltr. 2). There is nothing unusual or improper about this request. And when Harvard informed the Government that it intended to notify the defendant of the subpoena, the Government did not object.

---

[2] The other cases that the defendant cite gets him no further. (Ltr. 2-3). In *United States* v. *Eye*, 2008 WL 1776400, at *4-*6 (W.D. Mo. Apr. 15, 2008), the subpoena requested, consistent with district practice, the production of documents at trial without court approval, and the subpoenaed party voluntarily produced the documents before trial. The court found this to be a "'harmless technical irregularity' at most," denied the motion to suppress, and questioned whether the defendant had standing to challenge subpoena. *Id.* In *United States* v. *Finn*, 919 F. Supp. 1305, 1329 (D. Minn. 1995), the court denied a defendant's request for a "standing order" to issue Rule 17 subpoenas without prior motion to the court. *United States* v. *Boyle*, 2009 WL 484436, at *1 (S.D.N.Y. Feb. 24, 2009), involved a defendant who presented various subpoenas to the Court to have them "so ordered." Because the Court determined that certain of the subpoenas were improper, the Court declined to sign them. *Id.* In *United States* v. *Gonzalez*, 2002 WL 31641109, at *1 (S.D.N.Y. Nov. 13, 2002), a defendant asked the Court to issue a subpoena that on its face was returnable before a sentencing hearing.

In sum, the Court should deny the requests in the defendant's letter. The Government properly issued a trial subpoena consistent with the well-established practice in this District.[3]

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By:   /s/                    
     Damian Williams
     Andrea M. Griswold
     Joshua A. Naftalis
     Assistant United States Attorneys
     (212) 637-2298/1205/2310

cc:    Counsel of Record

---

[3] The defendant's allegations of misconduct are particularly odd, given his efforts to use the civil discovery process in the SEC action before Judge Nathan and the New York State insurance action to prepare for the criminal trial. *See SEC* v. *Tuzman*, 15 Civ. 7057 (S.D.N.Y. July 6, 2017) (AJN/JLC) (Dkt. 111) (Judge Cott: "[I]s defendant Tuzman improperly attempting to use civil discovery to assist him in his upcoming criminal trial?").