**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 9, 2017

BY ECF AND E-MAIL

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Kaleil Isaza Tuzman
              S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

      The Government writes in response to defendant Kaleil Isaza Tuzman's November 9, 2017 letter.  The defendant seeks to admit three text messages between Stephen Maiden and Tuzman — KIT Exs. 3325, 3328, 3329 — as evidence of Tuzman's state of mind in May and June 2012, pursuant to Federal Rule of Evidence 803(3).  The Government does not object to their admission for the limited purpose of showing Tuzman's state of mind with respect to Counts One through Three — which relate to defrauding Maiden Capital investors and with which Tuzman is *not* charged.  These three text messages are *not* relevant to the three counts with which Tuzman is charged because those conspiracies had ended by the time the text messages were sent in May and June 2012:  Counts Four and Five are each alleged to have ended in or about September 2011; Count Six is alleged to have ended in or about April 2012.  The Government thus requests that the Court give a limiting instruction to the jury at the time that these three exhibits are offered as follows:

           Tuzman Exhibits 3325, 3328, and 3329 have been admitted into evidence for a limited purpose.  You may consider them only as evidence of defendant Kaleil Isaza Tuzman's state of mind with respect to the charges in Counts One through Three, which allege that Maiden Capital's investors were defrauded.  I remind you that Isaza Tuzman is not charged in Counts One through Three.

      Relatedly, the Government has continued to consider the uncharged co-conspirator issue referenced by the Court, including by consulting with the Office's Chief Appellate Attorney. The Government does not intend to argue to the jury that the defendants are uncharged co-conspirators.  Instead, the Government identified the defendants as uncharged co-conspirators in connection with various conspiracies only to provide notice to the defendants that statements in furtherance of those conspiracies were admissible under the Federal Rules of Evidence.  The Court

has properly admitted exhibits and testimony either as statements by one of the defendants or as co-conspirator statements, pursuant to Rules 801(d)(2)(A) and (E).  *See Bourjaily* v. *United States*, 483 U.S. 171, 175 (1987) ("the existence of a conspiracy and [an individual's] involvement in it," as "preliminary questions of fact[,] . . . must be resolved by the [district] court"); *United States* v. *Russo*, 302 F.3d 37, 45 (2d Cir. 2002) (declarations of a co-conspirator are admissible even if the object of the conspiracy between the defendant and the co-conspirator is not "the crime charged in the indictment (or the objective of the conspiracy charged in the indictment)"); *United States* v. *Lyles*, 593 F.2d 182, 194 (2d Cir. 1979) ("It is settled law that the conspiracy which serves as the vehicle for the introduction of a vicarious admission by a co-conspirator need not be charged in the indictment."); *United States* v. *Olweiss*, 138 F.2d 798, 800 (2d Cir. 1943) (admission of such declarations "does not depend upon the indictment, but is merely an incident of the general principle of agency that the acts of any agent, within the scope of his authority, are competent against his principal"); *United States* v. *Saneaux*, 392 F. Supp. 2d 506, 511-16 (S.D.N.Y. 2005) (admitting statements of uncharged co-conspirators under Rule 801(d)(2)(E)).

Since it is for the Court to determine whether the statements are admissible, the Government does not believe that the jury is required to make a specific finding that the defendants are uncharged co-conspirators.  The Government thus presently believes that the Court's standard instructions are sufficient in this case.  In *United States* v. *Martoma*, 12 Cr. 973 (PGG), the Court instructed the jury that it "may consider all the evidence of the acts, conduct, and statements of those you determine the government has proven were co-conspirators of Mr. Martoma and the reasonable inferences to be drawn from that evidence." (Tr. 3204).  The Government believes the Court's standard instruction is sufficient for this case as well, as it would allow the jury to consider statements made by unindicted co-conspirators, such as the defendants, without being informed specifically that either defendant is an unindicted co-conspirator.  In the event the Court is contemplating a different or additional charge on this issue than was given in *Martoma*, the Government would appreciate further guidance from the Court as to its specific concerns so that it can continue to research the issue and propose any potential appropriate instructions.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:  ____/s/_____
Damian Williams
Andrea M. Griswold
Joshua A. Naftalis
Assistant United States Attorneys
(212) 637-2298/1205/2310