**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

November 12, 2017

VIA ECF AND FAX

The Honorable Paul G. Gardephe
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

Re:   *United States v. Kaleil Isaza Tuzman*, S8 15 Cr. 536 (PGG)
      Impeachment Through Government Agent's Testimony

Dear Judge Gardephe:

On behalf of Kaleil Isaza Tuzman, we respectfully submit this letter in response to the Court's request for authority supporting the propriety of calling a government law enforcement agent to impeach a government witness regarding his/her prior statements to the agent. As described in further detail below, at least five Circuit Courts of Appeals—including the Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits—have recognized the propriety of this procedure for impeaching the testimony of a government witness.

In *United States v. Saget*, 991 F.2d 702 (11th Cir. 1993), the Eleventh Circuit recognized the precise procedure that Mr. Isaza Tuzman seeks to invoke here. In *Saget*, the district court restricted the defendant from introducing an FBI agent's notes to cross-examine a government witness about his prior inconsistent statements. *Id*. at 710. But, "[l]ater in the trial" the court permitted the defendant "to effectively impeach [the witness'] testimony by questioning the FBI agent about inconsistencies between [the witness'] testimony at trial and prior oral statements he made to the agent," which were contained in the agent's notes. *Id*. The Eleventh Circuit held that "[t]he district court properly exercised its discretion" in invoking this procedure after laying the proper founding with respect to the agent's summary. Similarly, in *United States v. Adames*, 56 F.3d 737 (7th Cir. 1995), the Seventh Circuit relied on *Saget* to reach the same conclusion. In *Adames*, the district court precluded the defendant from cross-examining a government witness directly by reading an agent's summary notes into the record. *Id*. at 744. But the court did permit the defendant to "later call[]" the government agent "to complete his impeachment of [the government's witness]." *Id*. at 745 n.4. Relying on *Saget*, the Seventh Circuit held that "[t]he district court did not abuse its discretion in insisting that impeachment be in accordance with the Federal Rules of Evidence." *Id*. at 744-45. Similarly, in *United States v. White*, 68 Fed. Appx. 870, 874 (10th Cir. 2003), the Tenth Circuit held that the district court properly permitted the prosecution to call a government agent regarding a witness' "prior inconsistent statement to [the a]gent . . . in an attempt to impeach [her]." In *United States v. Valentine*, 70 F. App'x 314, 322–23 (6th Cir. 2003), the Sixth Circuit held that the defendant's "attempt to question" a government

**GIBSON DUNN**

November 12, 2017
Page 2

agent "regarding prior inconsistent statements made by [government witnesses] was proper, provided the defense could identify an[] actual inconsistent statement." And, in *Walker v. Kelly*, 589 F.3d 127, 142–43 (4th Cir. 2009), the Fourth Circuit recognized that a defendant wishing to impeach a government witness through officers' reports "would . . . be[] forced to call [the] officers . . . as witnesses to testify about their respective reports and interview notes" in order to lay a foundation for impeachment.

Although the Second Circuit has not addressed this issue directly, district courts have reached the same result. In *United States v. Amato*, No. 03-CR-1382 (NGG), 2006 WL 189113 (E.D.N.Y. Jun. 27, 2006), the defendant sought to call various government agents to impeach the testimony of two cooperating witnesses. *Id*. at *1. The government objected and moved to preclude the defense from calling the government agents regarding the witnesses' prior inconsistent statements. *Id*. Although the court held that the defendant did not afford one of the cooperating witnesses "with sufficient opportunity to explain or deny the alleged prior inconsistent statements," with respect to the other cooperating witness, the court held that the defendant "provided [him] with an opportunity to explain or deny his prior inconsistent statement suggested in the impeaching evidence," and was therefore entitled "to call the FBI agents who authored the [documents containing the statement]."[1]  *Id*. at *6. This holding is consistent with Second Circuit authority explaining that the government must disclose a government agent's notes under Rule 26.2, so long as "they could fairly be deemed to reflect fully and without distortion what had been said to the government agent" because the notes could "be used to impeach the witness's testimony at trial." *United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995) (citations and internal quotation marks omitted).

Where a cooperating witness steadfastly refuses to acknowledge prior inconsistent statements to the government, the only method available to impeach the witness is to call the government agent. Without the ability to invoke this procedure, Rule 26.2's disclosure requirements would serve no purpose, as any witness could simply refuse to acknowledge statements previously made to the government.

Respectfully submitted,

*/s/ Avi Weitzman*

---

[1] Similarly, in *United States v. Crinel*, No. CR 15-61, 2016 WL 6441249 (E.D. La. Nov. 1, 2016), the court explained that if a witness does not concede on cross-examination that an agent's report reflects his prior statements, "the defense may question the agent who made the report about whether the statement was made to her." *Id.* at *5. "The defense may then impeach the Government witness who allegedly made the statement by the testimony of the agent as to what the witness told him during the investigation. This testimony is admissible not for the truth of the matter asserted but for impeachment purposes." *Id.*