**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

November 13, 2017

FILED VIA ECF

The Honorable Paul G. Gardephe
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

Re:   *United States v. Kaleil Isaza Tuzman*, S8 15 Cr. 536 (PGG)
      Admissibility of Travel-Reimbursement Practices

Dear Judge Gardephe:

We represent Kaleil Isaza Tuzman.  On Sunday, November 12, 2017, the government informed the defense that the government intends to introduce three exhibits concerning Mr. Isaza Tuzman's review of Robin Smyth's travel expenses in his capacity as Smyth's supervisor at KIT Digital.  GX 2876, 2875, 2873 (all attached as Exhibit A hereto).  Nowhere has the government alleged that Mr. Isaza Tuzman conspired to improperly approve travel expenses for KIT Digital's management, nor has the government alleged that approving such travel reimbursements furthered any charged conspiracy.  Thus, on their face, these documents are not relevant to whether Mr. Isaza Tuzman conspired with Smyth to inflate KIT Digital's revenues using fraudulent wire transfers—the gravamen of Count 6.  The government instead appears to offer these documents to support an inference that—because Mr. Isaza Tuzman carefully supervised Smyth's actions with respect to Smyth's travel expenses—Mr. Isaza Tuzman must have paid similar careful scrutiny to Smyth's business activities *on other occasions*, including with regard to the wire transfers that the government alleges are fraudulent.  But that sort of character evidence to prove the conformity of a defendant's behavior on other occasions is expressly barred by Rule 404(a); and it cannot be admitted, in the alternative, as Rule 404(b) "other act" evidence because the government has not given sufficient 404(b) notice to Mr. Isaza Tuzman.  In any event, these documents and this line of questioning will only confuse the jury and waste valuable trial time, as Mr. Isaza Tuzman will be forced to show the jury why his approval of travel expenditures has no bearing on whether he engaged in a securities fraud conspiracy with Smyth and others.  The Court should sustain Mr. Isaza Tuzman's objections to the admissibility of these documents.

**Rule 401 – The Travel-Reimbursement Evidence Is Not Relevant.**  The government's travel-reimbursement evidence does not even pass Rule 401's relevance threshold.  The government has not alleged anywhere that Smyth's travel or Mr. Isaza Tuzman's approval of said travel were part of, or furthered, any charged criminal conspiracy.  The government apparently believes that Mr. Isaza Tuzman's approval of Smyth's travel expenses suggests that he must have approved *other* aspects of Smyth's wrongful conduct at

**GIBSON DUNN**

November 13, 2017
Page 2

KIT Digital—but the two sets of actions are governed by completely different corporate policies that have nothing to do with each other. Under KIT Digital's **travel** policy, an employee's travel itinerary needed to be confirmed with the employee's "immediate supervisor," which, for Smyth, at relevant times, was the CEO Kaleil. *See* Ex. B at 3 (excerpt attached). In contrast, KIT Digital's approval policies regarding **checks and wire transfers** do not require participation by the CEO at all, but rather required approval only of the CFO (Smyth himself) and one other person. *See* Ex. C at 2. There is no plausible basis to conclude that scrutiny of travel expenses (if proven) is probative of whether Mr. Isaza Tuzman knew about the fraud that Smyth and Campion were perpetrating at KIT Digital on many other occasions.

**Rule 404 – The Government Has Not Complied With Rule 404's Procedural Requirements For Admission of Character & "Other Act" Evidence.** This evidence also runs afoul of Rule 404 in several respects. Rule 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). If the government intends to use this evidence to show that Mr. Isaza Tuzman is a person who is attentive to details, and thus would have been attentive to the details of the allegedly fraudulent wire transfers at issue here, Rule 404(a)(1) plainly forecloses that option.

The government contends that this evidence is nevertheless permissible to "rebut [Mr. Isaza Tuzman's] claim that he had no knowledge or role in the accounting fraud scheme." Dkt. 553 at 1. The only possible bases for admission of the evidence are Rules 404(a)(2)(A), or 404(b)(2), neither of which apply.

Rule 404(a)(2) is an exception to the general prohibition on character evidence, providing that "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). But that rule "closes the whole matter of character, disposition and reputation on the prosecutions' case-in-chief," *Michelson v. United States*, 335 U.S. 469, 475 (1948), and the prosecution may inquire into the defendant's character only "[o]nce the defendant offers reputation or opinion evidence regarding his good character" first, *United States v. Nektalov*, 2004 WL 1637010, at *2 (S.D.N.Y. July 21, 2004). Here, the government is still prosecuting its case-in-chief, and Mr. Isaza Tuzman's affirmative defense has not yet begun; he has thus not offered any character evidence that the government might be allowed to rebut, and its attempt to admit *en masse* evidence of this nature is, at a minimum, premature.

Rule 404(b) prohibits the government from introducing evidence "of a crime, wrong, or other act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Although such other acts are admissible to prove "knowledge," the government must "provide reasonable

November 13, 2017
Page 3

notice of the general nature of any such evidence" and "do so before trial." *Id.* 404(b)(2). "Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." *Id.* advisory committee's note (1991). Here, not only did the government provide no notice to Mr. Isaza Tuzman, the government has expressly disclaimed any intention to admit 404(b) evidence at trial: The Court denied as moot Mr. Isaza Tuzman's motion *in limine* to preclude the government from introducing 404(b) evidence precisely because the government informed Your Honor that it "d[i]d not presently intend to offer any 404(b) evidence against Mr. [Isaza] Tuzman." Oct. 27 Tr. 43:21-44:1. To allow the government to proffer this evidence now—during the third week of trial—would be fundamentally unfair. *See United States v. Gasparik*, 141 F. Supp. 2d 361, 368 n.4 (S.D.N.Y. 2011) (barring government from introducing 404(b) evidence where "government failed to provide timely notice of its intent to offer 404(b) testimony").

The government may argue that Rule 404 does not govern here, but it would be mistaken. Rule 404 governs the admissibility of all extrinsic acts unless the conduct "arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012). For example, in *United States v. Cruz*, 343 F. Supp. 2d 226 (S.D.N.Y. 2004), a case charging the defendant with being a felon in possession of a firearm, Judge Marrero allowed evidence that officers also found a "ski mask, stun gun and handcuff key" when they located the predicate firearm during a search of the defendant's vehicle. *Id.* at 231. That evidence was "necessary to complete the story of the crime" because the signing of the stun gun prompted the more-thorough vehicle search; the ski mask was in the compartment with the gun; and the handcuff key was on the defendant's person at the time. *Id.* Smyth's travel expenses are not relevant to the charges here because they are not part-and-parcel of the charged conspiracy. The jury will understand the government's case even if they never hear about travel reimbursements at KIT Digital. Indeed, the government does not even contend in support of admissibility that Smyth's travel reimbursements were related to the alleged criminal agreement between Smyth and Mr. Isaza Tuzman, nor does it explain how Mr. Isaza Tuzman's *approval* of Smyth's travel expenses furthered the alleged conspiracy. These exhibits are, therefore, "other act" evidence that should have been disclosed long ago.

**Rule 403 – The Travel-Reimbursement Evidence Will Confuse The Jury And Waste Trial Time.** Finally, these exhibits and testimony are not admissible under Rule 403 because the potential for jury confusion and wasting the jury's time far outweigh whatever probative value they may have. In order to explain why Mr. Isaza Tuzman reviewed Smyth's travel invoices, but not other aspects of his business activities, defense counsel would be forced to divert substantial time during cross examination of Smyth or other

GIBSON DUNN

November 13, 2017
Page 4

witnesses to address, among other things: Mr. Isaza Tuzman's practices regarding approval of Smyth's travel expenses at other times during the alleged conspiracy; KIT Digital's policies regarding who could approve travel expenses; and the differences between those policies and the policies covering approvals for other aspects of KIT Digital's business that are actually relevant to the charges here, such as wire transfers. This "mini-trial" into the minutiae of KIT Digital's travel reimbursement policies will be "a confusing distraction in an already lengthy and complex trial." *See United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006) (affirming exclusion of testimony regarding whether cooperator violated cooperation agreement by smoking marijuana in Jamaica because it would result in "[a] 'mini-trial' on the legality of marijuana use in Jamaica and whether or not Faneuil could be prosecuted for his conduct or had breached his cooperation agreement"). Moreover, forcing defense counsel to address this *non sequitur* would only further prolong trial. Given the minimal probative value of this evidence, the Court should not open the door to such unnecessary distraction.

Respectfully submitted,

*/s/ Avi Weitzman*


cc.     All Counsel of Record