*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 15, 2017

BY ECF AND E-MAIL

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Kaleil Isaza Tuzman
                 S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

        The Government writes in response to defendant Kaleil Isaza Tuzman's November 12, 2017 letter in which he belatedly moves to preclude the testimony of certain Government witnesses who have been known to the defense for over a month. (Dkt. 552). Specifically, the defendant now seeks to preclude the testimony of (a) two sell-side research analyst witnesses who covered KIT digital ("KIT") during the relevant time period (Richard Ingrassia of ROTH Capital and Robert Coolbrith of ThinkEquity); and (b) a victim witness who invested in KIT during the relevant time period (Peter Carpi of Wellington Capital Management, one of KIT's largest shareholders).[1] The defendant claim that these witnesses are "irrelevant" and that their testimony is improper lay opinion testimony, under Federal Rule of Evidence 701. The defendant's arguments are without merit and his tardy application should be denied.

        In broad strokes, the sell-side research analyst witnesses will testify about what a research analyst does; what information a research analyst relies on, including SEC filings; what a research report is; what financial metrics a research analyst focuses on, including revenue; and their respective coverage of KIT. The victim investor witnesses will testify about how they and their respective firms research companies in which they invest; what information they rely on, including SEC filings; what metrics are important to them, including revenue; and their respective investments in KIT. The Government also intends to ask certain questions along the lines of what effect would it have had on your research report or your investment decision, if you had known that KIT's reported revenues were artificially inflated or that certain information was not accurate.

---

[1] The Government also intends to call Patrick Drouot of Fidelity Investments, one of KIT's largest shareholders during the relevant time period.

The defendant claims that these standard-fare witnesses are "irrelevant." These witnesses are, of course, relevant because the Government must prove the materiality of the defendant's misstatements. Moreover, the evidence is relevant to prove the defendant's intent to deceive.[2] "This is fact testimony, and relevant because the information the analysts learned and passed along to clients will aid the jury in determining the materiality of the disclosure to a reasonable investor. Courts have allowed comparable analyst testimony in securities fraud cases." *United States* v. *Tomasetta*, 10 Cr. 1205 (PAC), 2012 WL 1080293, at *3 (S.D.N.Y. Mar. 30, 2012); *see also*, *e.g.*, *United States* v. *Ferguson*, 06 Cr. 137 (CFD), 2007 WL 4556625, at *2-*3 (D. Conn. Dec. 20, 2007); *United States* v. *Rigas*, 02 Cr. 1236 (BJS), at 3623-30 (Ex. A hereto); *United States* v. *Ebbers*, 02 Cr. 1236 (BSJ) (cited in *Tomasetta*).

Similarly, the defendant's claim that these witnesses are offering improper lay opinion testimony should be rejected. (Ltr. 3-4). Rule 701 provides that lay opinion testimony must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "Testimony regarding the disclosures an analyst was interested in and why . . . is helpful to the jury and has been admitted in securities fraud trials," under Rule 701. *Tomasetta*, 2012 WL 1080293, at *3-*4 (collecting cases; outlining various questions that Government was permitted to ask); *see also id.* at *4 ("The opinion testimony, premised on the fact that the analyst read, heard, asked about, or learned about particular disclosures made by Vitesse, will aid the jury in determining the materiality of the disclosures and/or whether the defendants acted with criminal intent in committed the alleged crimes."); *United States* v. *Cuti*, 720 F.3d 453, 459 (2d Cir. 2013) ("'what-if-you-had-known' questions that present withheld facts to a witness are especially useful to elicit testimony about the impact of fraud"; admitting such testimony both as fact testimony and lay opinion testimony); *Ferguson*, 2007 WL 4556625, at *3 ("Opinion testimony about how the analysts' advice to investors would have been different in light of the previously withheld information will be helpful to the jury in deciding whether the information was of substantial importance to a reasonable investor."). That is because such testimony is based on the witness's "investigation and reflect[s] his investigatory finding and conclusions, and [is] not rooted exclusively in his expertise." *Bank of China* v. *NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004) (cited in *Tomasetta* and *Ferguson*). Such testimony is also proper because it is based on "'the particularized knowledge that the witness has by virtue of his [ ] position in the business.'" *Id.* (quoting Fed. R. Evid. 701 advisory committee's note); *see also United States* v. *Glenn*, 312 F.3d 58, 67 (2d Cir. 2002) ("[A] lay opinion must be rationally based on the perception of the witness. This requirement is the familiar requirement of first-hand knowledge or observation.") (internal quotation marks omitted).

The defendant cites no cases that support his position that this standard-fare testimony is irrelevant and improper lay opinion testimony. The defendant's letter cites boilerplate law about materiality, but identifies no authority for his novel view that testimony from research analysts and investors in the security at issue is irrelevant. (Def. Ltr. 1-3). Indeed, the only securities fraud case that the defendant cites, *United States* v. *Rigas*, 2004 WL 360444 (S.D.N.Y. Feb. 26, 2004),

---

[2] Other evidence at trial will establish that the defendant specifically tracked what these research analysts wrote and that the defendant inflated KIT's reported revenues in order to meet analyst estimates.

does not support his position. This decision was a pretrial ruling. But the defendant fails to acknowledge that the district court in *Rigas* permitted analyst testimony during trial. (Ex. A hereto). Moreover, none of the cases that defendant cites (p. 3) applying Rule 701 address analysts or investors in securities fraud cases. *See Bank of China*, 359 F.3d at 181 (bank employee in bank fraud case); *United States* v. *Garcia*, 413 F.3d 201, 215-16 (2d Cir. 2005) (agent in narcotics case); *United States* v. *Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007) (lawyer in insurance fraud case).

Finally, the defendant seeks to bootstrap his claim that analysts and victims with first-hand knowledge of KIT and its disclosures are improper witnesses as support for his efforts to call an expert witness. (Ltr. 4). The defendant is comparing apples and oranges. He is, of course, free to call a research analyst or investor who covered KIT or invested in KIT at the time to testify that the defendant's lies were immaterial. Moreover, for the reasons set forth in the Government's motion regarding the defendant's proposed expert witnesses, expert testimony about materiality should be precluded. (Dkt. 465, 512).

For the above reasons, the defendant's motion should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:   /s/
Damian Williams
Andrea M. Griswold
Joshua A. Naftalis
Assistant United States Attorneys
(212) 637-2298/1205/2310